392 A.2d 708

**COMMONWEALTH of Pennsylvania**

v.

**Jeffrey PHILLIPS, Appellant.**

Superior Court of Pennsylvania.

Submitted March 13, 1978.

Decided Oct. 20, 1978.

Robert Bruce Evanick, Assistant Public Defender, York, for appellant.

Floyd P. Jones, Assistant District Attorney, York, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CER-CONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

JACOBS, President Judge:

Appellant Jeffrey Phillips was convicted by a jury of receiving stolen property and escape. The only issue he raises on this appeal is whether the evidence presented was sufficient to sustain his conviction of receiving stolen property. A review of the record indicates that the evidence was sufficient. Our review of the record also indicates, however, that the sentence imposed upon appellant was illegal; we therefore remand this case to the lower court for resentencing.

The test for determining sufficiency of the evidence is whether, accepting as true all evidence and all reasonable inferences deducible from such evidence upon which the trier of fact could have based a verdict, the evidence and inferences are sufficient in law to prove guilt beyond a reasonable doubt. Furthermore, we must review the evidence in a light most favorable to the Commonwealth. *Commonwealth v. Williams,* 468 Pa. 357, 365, 362 A.2d 244, 248 (1976). A conviction for receiving stolen property may be sustained only if the evidence is sufficient to prove beyond a reasonable doubt that (1) the property was stolen, (2) the accused received the property, and (3) the accused knew or had reasonable cause to know that it was stolen. *Commonwealth v. Houmis,* 227 Pa.Super. 573, 575, 307 A.2d 339, 339–40 (1973), *allocatur refused,* 227 Pa.Super. xxvi; the Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S. § 3925(a).

In the case before us, there is no question that the property (a 250 cc trail and street motorbike) was stolen or that appellant received the property (the police found appellant riding the motorbike). The only question, therefore, is whether appellant knew or had reasonable cause to know that the bike was stolen.

 Knowledge that property is stolen may be established by direct or circumstantial evidence. If, from circumstantial evidence, it can be inferred that the accused had reasonable cause to know that the property was stolen, a final inference can be made that the accused in fact knew that the property was stolen. *Commonwealth v. Henderson,* 451 Pa. 452, 455, 304 A.2d 154, 156 (1973). Among those circumstantial factors which support an inference of knowledge are the accused's relationship with the victim, the time elapsed between theft and possession, the situs of the theft and the situs of possession, the kind and quantity of property involved, any identifying characteristics of the property, the ease with which the property could be assimilated into trade channels, and the accused's conduct at the time of arrest. *Commonwealth v. Lasch,* 464 Pa. 573, 589, 347 A.2d 690, 698 (1975); *Commonwealth v. Henderson,* 451 Pa. at 455, 304 A.2d at 156; *Commonwealth v. Murray,* 246 Pa.Super. 422, 428, 371 A.2d 910, 912 (1977).

 The trial testimony showed that on June 3, 1976 a blue, 250 cc Kawasaki trail and street motorbike was stolen from Ross Farrar who resided in York, Pennsylvania. Approximately one week later, appellant was found riding the motorbike, also in York. The blue gas tank of the bike had been inartfully repainted black; blue paint could still be seen beneath the black. One of two serial numbers on the bike had been partially obliterated. Appellant possessed no driver's license or owner's card for the bike and he told the police that he had borrowed the bike from a friend, one Jeff Sawyer.

Subsequent to June 10, a person who identified himself as Jeff Sawyer went to the York Police Department and asked to have his motorbike returned to him. He could produce no owner's card or title for the bike, but he did offer a handwritten "receipt" which said he paid one Mark Thomas $100 for the bike. When the police told Sawyer that his receipt was not adequate to prove ownership, he threw the paper into a wastebasket and left. Sawyer was not called to testify at trial.

114

On June 29, Officer Rene Shue of the York City Police Department went to appellant's home and placed him under arrest.[1] Appellant was given permission to put on his shoes before going to the police station. After he got his shoes, appellant ran from the back door of the house in an attempt to evade Officer Shue. He was later apprehended and charged with escape.

We find this evidence sufficient to sustain appellant's conviction of receiving stolen property. The owner of the motorbike neither knew appellant nor gave him permission to use the bike. Appellant was found in possession of the bike a week after the theft in the same city where it had been stolen. The bike had obviously been repainted and the serial number marred. Appellant testified that he had borrowed the bike from one Jeff Sawyer, yet he did not produce Sawyer to testify as to his ownership of the bike. Finally, when placed under arrest, appellant attempted to flee from the arresting officer.

We have recently held that this Court may *sua sponte* raise the issue of an illegally imposed sentence. *Commonwealth v. Betoni,* 254 Pa.Super. 26, 27–28, 385 A.2d 506, 507 (1978). Our review of the record in this case indicates that appellant's sentence is illegal.

 Appellant was sentenced to undergo a term of imprisonment not to exceed six years in the State Correctional Institution at Camp Hill.[2] Our Sentencing Code mandates that when imposing a sentence of total confinement "The court shall impose a minimum sentence of confinement which shall not exceed one-half of the maximum sentence imposed." The Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1356, *added by* the Act of Dec. 30, 1974, P.L. 1052, No. 345, § 1, 18 Pa.C.S. § 1356(b) (1978–79). *See also Commonwealth*

1. Appellant testified that Officer Shue did not tell him that he was under arrest but merely that he wanted to talk to him "downtown." N.T. 30. In convicting appellant of escape, the jury obviously chose to believe Officer Shue's testimony that appellant was under arrest.

2. Although appellant was convicted on two separate charges, the court imposed only one sentence.

*v. Marshall,* 254 Pa.Super. 275, 279, 385 A.2d 1017, 1019 (1978). Accordingly, the six year sentence is not in compliance with the Code and appellant must be resentenced. We also note that the court did not state for the record its reasons for the sentence imposed, and, in resentencing appellant, should do so. *Commonwealth v. Kostka,* 475 Pa. 85, 379 A.2d 884 (1977); *Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977); *Commonwealth v. Martin,* 466 Pa. 118, 351 A.2d 650 (1976); *Commonwealth v. Wertz,* 252 Pa.Super. 584, 384 A.2d 933 (1978).

Judgment of sentence is vacated and the case is remanded for resentencing.

HOFFMAN, J., did not participate in the consideration or decision of this case.