419 A.2d 121

**COMMONWEALTH of Pennsylvania**

v.

**Charles LITMAN, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 16, 1979.

Filed March 14, 1980.

Petition for Allowance of Appeal Denied Oct. 6, 1980.

Reargument Denied May 13, 1980.

John Rogers Carroll, Philadelphia, for appellant.

Charles W. Johns, Assistant District Attorney, Pittsburgh, submitted a brief on behalf of Commonwealth, appellee.

Before SPAETH, HOFFMAN, and VAN der VOORT, JJ.

HOFFMAN, Judge:

Appellant contends, *inter alia*, that the trial court failed to instruct the jury adequately on factors relevant to the issue of whether he had the requisite mental state to be convicted of receiving stolen goods.[1] We agree and, accordingly, re-

1. Appellant cites also as reversible errors instances of prosecutorial misconduct (including eliciting perjured testimony and withholding requested documents) and trial counsel ineffectiveness, as well as the exclusion of a defense exhibit and the imposition of an unlawful and excessive sentence. None of these claims, if meritorious, would warrant the discharge of appellant; at most they would warrant the grant of a new trial. Consequently, our disposition of the jury

verse the judgment of sentence and grant appellant a new trial.

Appellant was charged with numerous counts of receiving stolen goods [2] and one count of conspiracy. The evidence at trial showed that appellant had purchased various items of silver from one Albert Brenner, a Pittsburgh scrap dealer. The Commonwealth attempted to prove that the items in question had been stolen during a series of burglaries in Pittsburgh; that Brenner had purchased the items from the burglars and had sold them to appellant; and that appellant either knew that the items were stolen or believed that they probably were stolen. Appellant attempted to show that he was in the business of buying and selling coins and silver; that he neither knew nor suspected that the silver which he purchased from Brenner was stolen; that he paid Brenner at the ordinary market rate for the items which he purchased; [3] and that he transacted business with Brenner openly [4] and according to the customs of the trade (*i. e.*, cash payments for scrap silver). After both sides had rested appellant requested the trial court to instruct the jury to consider certain specific matters in deciding whether appellant knew or believed that the silver in question was stolen. [5]

instruction issue makes consideration of appellant's other claims unnecessary.

2. Appellant was originally charged with 28 counts of receiving stolen goods. The trial court dismissed one count prior to trial and sustained appellant's demurrer to an additional 23 counts at the close of the Commonwealth's case. Thus, the jury considered only four counts of receiving stolen goods.

3. Appellant adduced evidence that the items which Brenner brought him had no resale value; that he had purchased the items for their value as scrap; and that the price which he paid ($3.00 per ounce) approximated the prevailing legitimate market rate for scrap silver.

4. There was undisputed evidence at trial that appellant weighed the items at a next–door grocery store for the purpose of arranging a price with Brenner.

5. The requested instruction reads as follows:
   All the evidence of surrounding circumstances must be considered in arriving at a finding that a possessor of stolen goods knew or believed that the goods were probably stolen. These

The court refused this request and instead instructed the jury on the issue of appellant's knowledge as follows: "Now in determining whether or not Mr. Litman knew the property was stolen, or believed it had probably been stolen, you must consider all of the surrounding circumstances." The jury found appellant guilty of conspiracy and two counts of receiving stolen goods. After denying post–verdict motions, the court sentenced appellant to prison terms totalling six to fourteen years. This appeal followed.

Appellant contends that the jury instruction quoted above did not sufficiently apprise the jury of factors relevant to the issue of whether he had the requisite knowledge to be convicted of receiving stolen goods. In *Commonwealth v. Simmons*, 233 Pa.Super. 547, 336 A.2d 624 (1975), we stated that "[k]nowledge that the property was stolen or a belief that it probably was ('guilty knowledge') is an essential element of the crime of receiving stolen property. 18 Pa. C.S. § 3925(a)." *Id.*, 233 Pa.Super. at 552, 336 A.2d at 627. Numerous appellate decisions have noted that circumstances attending a defendant's possession of stolen goods are highly relevant in determining whether such defendant had "guilty knowledge." *See e. g., Commonwealth v. Williams*, 468 Pa. 357, 362 A.2d 244 (1976); *Commonwealth v. Henderson*, 451 Pa. 452, 304 A.2d 154 (1973); *Commonwealth v. Phillips*, 258 Pa.Super. 109, 392 A.2d 708 (1978); *Commonwealth v. Bailey*, 250 Pa.Super. 402, 378 A.2d 998 (1977); *Commonwealth v. Simmons, supra.*

The evidence of surrounding circumstances that one should consider in appraising the evidence of possession, will be different in every case, and no description of it can be more than suggestive. "Some of the significant circumstances can be the appellant's conduct; the appellant's relationship to the victim; the elapsed time between the appellant's possession and the theft; the situs of the theft and the situs of the possession; the kind of property; the

circumstances include the price paid for the goods, the openness of the transaction, the normal movement into channels of trade and any other fact surrounding the transaction.

quantity of the property; and the identifying characteristics of the property." [Citations omitted.] In short, evidence of any fact that might help determine whether the goods have moved into legitimate trade channels is relevant and should be considered: "These criteria reflect the tacit conclusion that, in most cases, stolen goods will eventually move from channels of commerce primarily criminal to channels of commerce primarily legitimate; and, that one who comes into possession of those goods through non–criminal channels is *unlikely* to know that the goods were stolen." [Citations omitted].

*Commonwealth v. Simmons, supra* 233 Pa.Super. at 557, 336 A.2d at 629–30.

"The primary duty of a trial judge in charging a jury is to clarify the issues so that the jury may understand the questions to be resolved." *Commonwealth v. Jordan,* 407 Pa. 575, 587, 181 A.2d 310, 316 (1962). *See also Commonwealth v. Meas,* 415 Pa. 41, 44, 202 A.2d 74, 76 (1964). Our Supreme Court has held that failure to fulfill this duty deprives the defendant of a fair trial. *Commonwealth v. Bishop,* 472 Pa. 485, 490, 372 A.2d 794, 796 (1977) (new trial granted where trial court refused to charge jury that Commonwealth has burden of proving beyond a reasonable doubt every essential element of offense charged). We are convinced in the present case that the trial court's instructions did not sufficiently clarify the issue of appellant's knowledge. As stated above, knowledge that the goods were stolen or belief that they probably were is an essential element of the offense with which appellant was charged. The circumstances attending appellant's purchases of silver from Brenner were valuable clues for ascertaining appellant's awareness of the origin of the goods. Yet, the trial court's direction to "consider all the surrounding circumstances" did little to assist the jury in their deliberations on this crucial factual matter. It was incumbent upon the trial court to direct the attention of the jury to specific relevant "surrounding circumstances" and not leave the jury free to

engage in unguided speculation. For example, evidence that appellant transacted business with Brenner openly and at prevailing market rates suggests that appellant did not suspect that the silver he purchased was stolen; accordingly, such matters were relevant circumstances which should have been brought to the jury's attention. *Cf. Commonwealth v. Vogle,* 174 Pa.Super. 541, 546–47, 102 A.2d 213, 215 (1954) (attempt to conceal property suggestive of guilty knowledge); *Commonwealth v. Cohan,* 177 Pa.Super. 532, 542, 111 A.2d 182, 187 (1955) (fact that property was worth far more than price paid by defendant suggestive of guilty knowledge). Doubtless, there are other circumstances, including those suggested by our Court in *Commonwealth v. Simmons, supra* 233 Pa.Super. at 557, 336 A.2d at 629–30, which would have provided needed guidance to the jury on this issue. Appellant does not suggest, nor do we hold, that the trial court erred in rejecting the exact words of his requested instruction. Indeed, "the trial court is not required to accept the language of the point submitted by counsel but rather is free to select its own form of expression." *Commonwealth v. McComb,* 462 Pa. 504, 509, 341 A.2d 496, 498 (1975). However, "[t]his is not a case where the court merely chose to select its own form of expression covering the point at issue. . . . Here the court omitted a direction on a necessary corollary to a crucial concept of law." *Commonwealth v. Bishop, supra* 472 Pa. at 490 n.3, 372 A.2d at 796 n.3. The fact that no appellate description of the surrounding circumstances relevant to the issue of knowledge "can be more than suggestive," *Commonwealth v. Simmons, supra* 233 Pa.Super. at 557, 336 A.2d at 629–30, does not excuse omission at trial of all mention of specific relevant circumstances. Accordingly, we hold that the complete failure of the trial court to identify in its instructions any surrounding circumstances relevant to the key issue of appellant's knowledge provided such insufficient guidance to the jury as to deprive appellant of a fair trial.

Judgment of sentence reversed and new trial granted.