419 A.2d 1199

**COMMONWEALTH of Pennsylvania,**

v.

**Kenneth WORRELL, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 10, 1979.

Filed April 18, 1980.

Petition for Allowance of Appeal Denied Aug. 29, 1980.

Reconsideration Denied Oct. 29, 1980.

388

Nino V. Tinari, Philadelphia, submitted a brief on behalf of appellant.

John J. Kevlock, Assistant District Attorney, Doylestown, for Commonwealth, appellee.

Before PRICE, VAN der VOORT and WIEAND,* JJ.

WIEAND, Judge:

Kenneth Worrell, appellant, was convicted by a jury of receiving stolen property,[1] namely, an automatic transmission. Following denial of post trial motions and sentencing, appellant appealed. Finding the several contentions raised by appellant to be lacking in merit, we will affirm the judgment of sentence.

Appellant first challenges the sufficiency of the evidence. The test for sufficiency of the evidence is whether, accepting as true all the evidence and all reasonable inferences arising therefrom upon which a jury could have based its verdict, it is sufficient in law to prove guilt beyond a reasonable doubt. *Commonwealth v. Williams*, 468 Pa. 357, 365, 362 A.2d 244, 248 (1976); *Commonwealth v. Phillips*, 258 Pa.Super. 109, 112, 392 A.2d 708, 709 (1978).

---

* Judge Donald E. Wieand is sitting by special designation.

1. 18 Pa.C.S.A. § 3925.

The facts, viewed in the light most favorable to the Commonwealth, are as follows: In May, 1976, Grant Lampi purchased a white 1976 Corvette automobile equipped with a 350 cubic inch engine and an automatic transmission. The manufacturer's serial number or vehicle identification number (VIN) was 1S37X6S404439. While in possession of this car, Lampi was involved in no accidents and performed no repairs. On April 8, 1977, Lampi's Corvette was stolen in Norristown, Pennsylvania.

John Cooper was the owner of a red 1970 Corvette automobile (VIN 194370S413642) equipped with a 350 cubic inch engine and a four-speed manual transmission. In September, 1976, he was involved in an accident, and his car was declared a total loss. Cooper sold the automobile to his insurance carrier. The Cooper Corvette was towed to Ace Auto Parts in Camden, New Jersey, in early October. The owner of Ace Auto Parts, Sanford Flinker, testified that while the Corvette was in his firm's possession no repairs were performed. In December, 1976, Flinker delivered the automobile to appellant although the documentary title transfer did not occur until May 27, 1977, when title was transferred from Ace Auto Parts to Daniel McKendry.[2]

When McKendry first saw the automobile in mid–May, the Corvette was in drivable condition, was painted silver and was equipped with an automatic transmission. This was one month following the theft of the Lampi vehicle. McKendry paid appellant $3,400 in cash but received title from Ace Auto Parts.

McKendry never had any repairs performed to this Corvette until October, 1977, when the engine "blew" while in the possession of a friend of McKendry. The car was towed to a garage to await purchase and installation of a new engine. McKendry testified that he did not see the car subsequent to this mishap but stated that the repair shop did not bill him for any repair work.

2. The notes of testimony erroneously refer to Daniel McHenry.

State Trooper David Shaffer testified that he inspected McKendry's Corvette on February 21, 1978, and confirmed that the publicly displayed VIN (194370S413642) matched the Cooper vehicle. He discovered, however, that the VIN etched on the transmission was the derivative VIN assigned to the stolen Lampi Corvette. Further investigation revealed that the VIN numbers on the frame and the blown engine had been ground off and that the front end was originally that of a white 1976 Corvette. Trooper Shaffer explained that no two automobiles have the same VIN numbers; a full VIN number is located on the door and frame and a shortened, derivative VIN number is placed on the engine and transmission.

Approximately four to six weeks prior to trial, after it was known that McKendry was to be a witness, appellant repaid McKendry the full purchase price of the vehicle despite the fact that the automobile then lacked an engine.

To establish the offense of receiving stolen property, the Commonwealth was required to present evidence sufficient to prove beyond a reasonable doubt that (1) the property had been stolen, (2) the accused received the property and (3) the accused knew or had reasonable cause to know that it had been stolen. 18 Pa.C.S. § 3925; *Commonwealth v. Phillips*, supra, 258 Pa.Super. at 112, 392 A.2d at 709. The Commonwealth may sustain its burden of proof by means of circumstantial evidence. *Commonwealth v. Courts*, 468 Pa. 613, 616, 364 A.2d 684, 686 (1976).

It is uncontradicted that the Lampi transmission was stolen on April 8, 1977. The Cooper Corvette, originally equipped with a four–speed transmission, was transferred to appellant in December, 1976. When seen in May, 1977, a month following the theft, this Corvette contained an automatic transmission later determined to be the Lampi transmission. It had been placed there by appellant who repaired the car. This evidence was sufficient to sustain the jury's conclusion that appellant had possessed the transmission.

■■■ The question of guilty knowledge is more difficult, for the Commonwealth presented no direct proof of appellant's knowledge. Nevertheless, this element may be established by circumstantial evidence from which it can be inferred that appellant had reasonable cause to know that the property was stolen. *Commonwealth v. Henderson*, 451 Pa. 452, 455, 304 A.2d 154, 156 (1973). This evidence must be sufficiently strong to support the inference beyond a reasonable doubt. A permissible inference of guilty knowledge may be drawn from the unexplained possession of recently stolen goods as well as from the surrounding circumstances. *Commonwealth v. Williams*, supra. See also: *Barnes v. United States*, 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973). Relevant considerations include the accused's conduct; the time elapsed between the accused's possession and the theft; the type of property; and the identifying characteristics of the property. See: *Commonwealth v. Henderson*, supra.

Instantly, appellant possessed the stolen transmission within a month of its theft. Appellant repaired the Cooper Corvette with the stolen transmission and a front end of the same color and year as the stolen Corvette. Also, the VIN numbers on the frame and engine were mutilated which indicated that appellant knew that these parts were of a suspicious origin. Appellant conspicuously kept his name out of the chain of title of the Cooper Corvette and transacted all business in cash. After the case was scheduled for trial, appellant reimbursed McKendry in full despite the fact that the Corvette was inoperable and he had sold it to McKendry almost a year before.

■■■ From these circumstances and appellant's unexplained possession of the recently stolen transmission, the jury could properly conclude that appellant had reason to know that the transmission was stolen. The evidence, therefore, was sufficient to support the jury's finding of guilt.

■■■ Appellant also contends that Trooper David Shaffer testified as an expert without being qualified to do so.

Trooper Shaffer testified merely as to his observations of the manufacturer's VIN numbers on the vehicles and parts in question and briefly explained the origins and purposes of this standard identification system. Thus, Shaffer did not testify as an expert nor was his testimony expert testimony in the traditional sense. He was testifying to observations made by him during his investigation and to matters within his knowledge. "A witness may state relevant facts known to him, because of experience, even though he is not regarded as an expert whose opinion would be admissible on a hypothetical inquiry." *Commonwealth v. Bennett*, 471 Pa. 419, 423–24, 370 A.2d 373, 375 (1977), quoting *Commonwealth v. Harris*, 186 Pa.Super. 59, 63, 140 A.2d 344, 345 (1958). Moreover, the issue of whether a witness is qualified as an expert is a matter within the sound discretion of the trial court and, because of Trooper Shaffer's extensive experience in auto theft investigations (N.T. 93), we perceive no abuse of that discretion. See: *Commonwealth v. Bennett*, supra, 471 Pa. at 424, 370 A.2d at 375.

■ Trooper Shaffer was permitted to testify, over objection, that the VIN number on the frame of the Cooper Corvette had been ground off, that the front end of the vehicle was a different model and that the car appeared to have been repainted. From this evidence, appellant argues, the jury could infer the existence of prior unrelated criminal activity. While evidence of a distinct crime cannot be introduced against an accused who is being tried for another crime, it is well established that evidence of other criminal activity is admissible where it tends to prove a common scheme, plan or design or where it tends to establish intent or motive. See: *Commonwealth v. Rose*, 265 Pa.Super. 159, 178, 401 A.2d 1148, 1157 (1979); *Commonwealth v. Gore*, 262 Pa.Super. 540, 556, 396 A.2d 1302, 1310 (1978). The evidence recited above is clearly relevant to the issue of appellant's guilty knowledge and, therefore, properly was admitted.

■ Appellant argues finally that the trial court's charge to the jury concerning the inference that could be drawn from the unexplained possession of recently stolen goods

was erroneous. The propriety of such a charge has been confirmed in *Barnes v. United States,* supra. See also: *Commonwealth v. Williams,* supra. Reading the charge as a whole, as we must, *Commonwealth v. Woodward,* 483 Pa. 1, 394 A.2d 508 (1978), we conclude that the jury instructions adequately and fairly explained the law applicable to the offense of receiving stolen property.

Judgment of sentence affirmed.