452 A.2d 827

**COMMONWEALTH of Pennsylvania**

v.

**Frank GRABOWSKI, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 27, 1982.

Filed Nov. 19, 1982.

Robert F. Pappano, Assistant Public Defender, Media, for appellant.

Vram Nedurian, Jr., District Attorney, Media, for Commonwealth, appellee.

Before WIEAND, CIRILLO and POPOVICH, JJ.

WIEAND, Judge:

Frank Grabowski was convicted in separate trials of theft by receiving a stolen 1977 Chevrolet pickup truck and dealing with a 1978 Cadillac Seville with falsified numbers.[1] On direct appeal, he contends that the evidence was insufficient to sustain these convictions. He also contends that the falsified Cadillac vehicle identification number (VIN) was obtained by police as a result of an unlawful search and that the number, as well as evidence seized pursuant to a search warrant issued thereafter, should have been suppressed. There is no merit in these contentions, and the judgment of sentence, therefore, will be affirmed.

■ When appraising the sufficiency of evidence, we apply a two-step analysis. First, we must regard the evidence

---

1. All charges were contained in one information and initially tried together. A jury found Grabowski guilty of theft by receiving the stolen 1977 Chevrolet truck (18 Pa.C.S.A. § 3925) but could not agree upon a verdict on charges arising from an attempt to sell the Cadillac Seville. In a second trial on the latter charges, the court sustained a demurrer to the charge of theft by receiving the stolen Cadillac Seville, and the jury found Grabowski guilty on the charge of dealing in automobiles with removed or falsified numbers. See: 75 Pa.C.S.A. § 7103.

in the light most favorable to the Commonwealth, accepting as true all evidence upon which the fact finder could properly have based its verdict. Next, we inquire whether that evidence, together with all reasonable inferences drawn from it, was sufficient to prove guilt beyond a reasonable doubt. *Commonwealth v. Carter,* 304 Pa.Super. 142, 450 A.2d 142 (1982); *Commonwealth v. Stockard,* 489 Pa. 209, 212–213, 413 A.2d 1088, 1090 (1980); *Commonwealth v. Allen,* 287 Pa.Super. 88, 94, 429 A.2d 1113, 1115 (1981).

A Chevrolet truck owned by Acme Newspaper Company was stolen from Acme's parking lot in Lower Merion Township, Montgomery County, sometime between December 29, 1978 and January 2, 1979. Subsequently, the truck was observed by witnesses in the possession of appellant. On March 7, 1979, a state policeman observed the vehicle on Baltimore Avenue in East Lansdowne, Delaware County, where it had been parked in close proximity to appellant's apartment. It then bore Pennsylvania license plate number CB–41314. This registration had been issued for a 1965 Ford pickup truck registered in the name of Frank Grabowski. The validating sticker on the license plate had been backed with metal and appeared to have been cut from another license plate. A subsequent search of appellant's apartment produced the keys to the Chevrolet truck and also the registration and certificate of title for the aforementioned 1965 Ford truck. Appellant was not an employee of Acme Newspaper Company and had not been authorized to use its truck.

To prove theft by receiving stolen property, the Commonwealth was required to prove beyond a reasonable doubt that there had been a theft of the truck, that appellant had possession of the truck, and that appellant knew the truck had been stolen or had reason to believe that it had probably been stolen. *Commonwealth v. Williams,* 468 Pa. 357, 365, 362 A.2d 244, 248 (1976); *Commonwealth v. Harrison,* 289 Pa.Super. 126, 132, 432 A.2d 1083, 1086 (1981); *Commonwealth v. Worrell,* 277 Pa.Super. 386, 390, 419 A.2d 1199, 1201 (1980), *aff'd,* 493 Pa. 215, 425 A.2d 741 (1981); *Com-*

monwealth v. Phillips, 258 Pa.Super. 109, 112, 392 A.2d 708, 709 (1978). Guilty knowledge, of course, may be established by circumstantial evidence. *Commonwealth v. Williams, supra* 468 Pa. at 365–66, 362 A.2d at 248–9; *Commonwealth v. Henderson,* 451 Pa. 452, 455, 304 A.2d 154, 156 (1973); *Commonwealth v. Harrison, supra* 289 Pa.Super. at 135, 432 A.2d at 1088; *Commonwealth v. Worrell, supra* 277 Pa.Super. at 391, 419 A.2d at 1201.

The evidence in the instant case was sufficient to prove that appellant had received the Chevrolet truck knowing that it had been stolen or having reason to believe that it had probably been stolen. A jury could infer guilty knowledge beyond a reasonable doubt from the circumstances surrounding his possession of the truck.

The 1978 Cadillac Seville had been taken by appellant to a Sunoco Service Station in East Lansdowne, Montgomery County, where it was left with the proprietor for purposes of finding a buyer. Appellant told the proprietor that the car was owned by a leasing company and gave the proprietor a set of keys and a purported owner's card. The card appeared to have been issued by the State of New Jersey in the name of "Walter Camper" of Cherry Hill, New Jersey, as owner. Appellant said that he wanted a price of $10,000 for the vehicle. Dennis Harding saw the vehicle, made an offer to buy it, and took it to his shop in order to examine the car more closely. He observed that the manufacturer's number on the pollution sticker attached to the door post had been partially removed or obliterated. Consequently, he called the state police, made arrangements for them to examine the car and returned it to the Sunoco Station, telling the proprietor that a state trooper would probably arrive later to look at the car.

When Trooper Bollman arrived, he also observed a defaced environmental sticker on the door post. He observed additionally that the vehicle carried New Jersey license plates, number 246–KN6, and that the final digits of the public VIN, which was on the dashboard and visible through the window, were 452749. Bollman then requested that the

Cadillac be placed on a lift; and when the proprietor complied, he used a mirror to observe the confidential VIN on the underside of the vehicle. This number did not coincide with the VIN that had been open to view on the dashboard. Instead, the final digits were 452438.

A 1978 Cadillac Seville, VIN 65938Q452438, had been owned by MTM Leasing Corporation of Pennsauken, New Jersey. It had carried New Jersey license plates, number MTM–100, and had been leased to Steven Brownstein, Narbeth, Pennsylvania on January 22, 1979. This vehicle had been stolen from an apartment complex in Lower Merion Township, Montgomery County, on February 21, 1979.

Further investigation disclosed that the plate bearing the false VIN had been attached to the dashboard by rivets other than those used by the manufacturer. A statement of origin for the vehicle, used to obtain the attached license from the State of New Jersey, was found to contain fictitious information. It recited that the vehicle had been sold by Center City Cadillac, Philadelphia, to Walter Camper, 328 Greenwood Road, Cherry Hill, New Jersey on February 21, 1979. This address was found to be non-existent. Furthermore, the vehicle in question had never been delivered to Center City Cadillac or sold by it to anyone named Walter Camper.

The Vehicle Code, at 75 Pa.C.S.A. § 7103, provides:

(a) A person who buys, receives, possesses, sells or disposes of a vehicle, engine or transmission, knowing that an identification number has been removed or falsified, is guilty of a misdemeanor of the third degree.

(b) A person who buys, receives, possesses, sells or disposes of a vehicle, engine or transmission with knowledge that an identification number has been removed or falsified with intent to conceal or misrepresent the identity thereof, is guilty of a felony of the third degree.

Knowledge that an identification number has been removed or falsified is essential to a conviction for violating

this section of the statute. *Commonwealth v. Unkrich,* 142 Pa.Super. 591, 16 A.2d 737 (1940). As in cases for receiving stolen property, however, the necessary mens rea can be shown by circumstantial evidence. Cf. *Commonwealth v. Williams, supra; Commonwealth v. Shaffer,* 447 Pa. 91, 288 A.2d 727 (1972), *cert. denied,* 409 U.S. 867, 93 S.Ct. 164, 34 L.Ed.2d 116; *Commonwealth v. Harrison, supra; Commonwealth v. Worrell, supra; Commonwealth v. Stevenson,* 242 Pa.Super. 31, 363 A.2d 1144 (1976). The circumstances surrounding appellant's attempt to sell the Cadillac, including as it did, appellant's statement to the service station proprietor that the vehicle was owned by Walter Camper, the fact that such purported owner was fictitious, and a partially obliterated number of the vehicle's readily observable pollution sticker, were sufficient to permit the fact finder to infer the necessary guilty knowledge by appellant.

▨ Appellant argues, however, that the discovery of a falsified VIN was the product of an illegal search and should have been suppressed. The Fourth Amendment of the Constitution prohibits only unreasonable searches and seizures. *Mincey v. Arizona,* 437 U.S. 385, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978); *Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). To constitute a "search" within the Fourth Amendment, police activity must intrude upon an area or concern wherein the appellant harbored a reasonable expectation of privacy. *Rawlings v. Kentucky,* 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980); *Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Commonwealth v. Layman,* 290 Pa.Super. 244, 434 A.2d 735 (1981).

▨ In general, one's expectation of privacy in connection with an automobile is significantly less than that relating to one's home or office. *South Dakota v. Opperman,* 428 U.S. 364, 367, 96 S.Ct. 3092, 3096, 49 L.Ed.2d 1000 (1976); *Commonwealth v. Holzer,* 480 Pa. 93, 103, 389 A.2d 101, 106 (1978). And, "where the alleged illegal activity does not invade the interior of the car, the chances are even greater that no expectation of privacy has been infringed." *Id.,*

citing *Commonwealth v. Mangini,* 478 Pa. 147, 156–57, 386 A.2d 482, 486–87 (1978).

The examination of the exterior of an automobile is *not,* for purposes of the Fourth Amendment, a "search"; and generally a warrant therefor is not required. *Cardwell v. Lewis,* 417 U.S. 583, 94 S.Ct. 2464, 41 L.Ed.2d 325 (1974); *Commonwealth v. Mangini, supra* 478 Pa. at 157, 386 A.2d at 487; *Commonwealth v. Best-Bey,* 258 Pa.Super. 478, 393 A.2d 459 (1978). See generally *Commonwealth v. Mimms,* 471 Pa. 546, 555 n. 1, 370 A.2d 1157, 1161 n. 1, *reversed and remanded on other grounds,* 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977) (Nix, J., concurring and joined by O'Brien, J.)  See generally *Commonwealth v. Vernille,* 275 Pa.Super. 263, 271 n. 2, 418 A.2d 713, 717 n. 2 (1980).

Whether the inspection of vehicle's VIN by police constitutes a "search" has frequently been decided by the federal courts.  The Court of Appeals for the Fifth Circuit has determined that "the examination of a vehicle for the purpose of inspecting the VIN plates or identification-number inscriptions is not a search for purposes of the Fourth Amendment," provided there are "legitimate reasons to suspect criminal activity [is] afoot." *United States v. Forrest,* 620 F.2d 446, 454–55 (5th Cir.1980). See: *United States v. Duckett,* 583 F.2d 1309 (5th Cir.1978); *United States v. Sherriff,* 546 F.2d 604 (5th Cir.1977), *reh. denied,* 549 F.2d 204 (5th Cir.1977); *United States v. Williams,* 434 F.2d 681 (5th Cir.1970), *cert. denied,* 401 U.S. 1011, 91 S.Ct. 1262, 28 L.Ed.2d 547 (1971); *United States v. Polk,* 433 F.2d 644 (5th Cir.1978); *United States v. Johnson,* 413 F.2d 1396 (5th Cir.1969), *on rehearing,* 431 F.2d 441 (5th Cir.1969). Most circuit courts which have addressed the issue are in accord. See: *United States v. Brown,* 535 F.2d 424 (8th Cir.1976) (with legitimate reasons, checking confidential VIN under the car is not an unreasonable search); *United States v. Ware,* 457 F.2d 828 (7th Cir.1972), *cert. denied,* 409 U.S. 888, 93 S.Ct. 139, 34 L.Ed.2d 145 (1972) (no warrant required to check confidential VIN even after towing car to police garage); *United States v. Zemke,* 457 F.2d 110 (7th Cir.

1972), *cert. denied,* 406 U.S. 947, 92 S.Ct. 2051, 32 L.Ed.2d 335 (1972). See also: *United States v. Powers,* 439 F.2d 373 (4th Cir.1971), *cert. denied,* 402 U.S. 1011, 91 S.Ct. 2198, 29 L.Ed.2d 434 (1971) (inspection of a VIN, where there is a legitimate reason to do so, is a reasonable search); *United States v. Self,* 410 F.2d 984 (10th Cir.1969).

Similarly, those state courts which have addressed the issue have held that there is no reasonable expectation of privacy in connection with a vehicle's VIN, particularly where the vehicle need not be opened to inspect it. In *People v. Brooks,* 405 Mich. 225, 274 N.W.2d 430 (1979), the Supreme Court of Michigan ruled that checking a confidential VIN under a car, without entering it, even after bringing it to the police garage, was not a search: "There is no reasonable expectation of privacy in the VIN itself. All such numbers are on the outside of the automobile, or they are in plain view. No entry is required to read the VIN. The means taken by police to read this VIN did not invade a constitutionally protected area." 405 Mich. at 244, 274 N.W.2d at 436. In *Wood v. State,* 632 S.W.2d 734 (Tex.Cr. App.1982), the Texas court held that even opening a car door to view a VIN, when the officer is legitimately on the property where the car is parked, is not a search within the Fourth Amendment; and if it were a search, it would be a reasonable one. The Supreme Court of Illinois has held that once an officer has a reasonable suspicion, his examination of a VIN, by opening a door is a reasonable search, if a search at all. *People v. Wolf,* 60 Ill.2d 230, 326 N.E.2d 766, *cert. denied,* 423 U.S. 946, 96 S.Ct. 361, 46 L.Ed.2d 280 (1975). And in *Commonwealth v. Best-Bey, supra,* our own Court held that the owner of a vehicle had no reasonable expectation of privacy with respect to the VIN of a vehicle parked in an open space.

Moreover, as Judge Popovich observed in *Commonwealth v. Prengle,* 293 Pa.Super. 64, 67 n. 3, 437 A.2d 992, 994 n. 3 (1981), "any claim to a reasonable expectation of freedom from government intrusion into a stolen vehicle would be

ludicrous." See also: *Commonwealth v. Freeman,* 295 Pa. Super. 467, 472, 441 A.2d 1327, 1329–30 (1982).

We find the reasoning of these decisions persuasive. Not only are they determinative of this appeal but they verify the validity of the statutory provision in Pennsylvania which authorizes police officers to inspect any vehicle in any public garage or shop for the purpose of finding stolen vehicles. 75 Pa.C.S.A. § 6308(c).[2]

█ When appellant delivered the vehicle and its keys to the proprietor of the service station with instructions to find a buyer, the custodian had authority to allow other persons to examine the vehicle. Thus, he could permit a potential buyer to remove the vehicle from the service station for purposes of test driving it and for examining it more carefully. Similarly, he was authorized to assent to a policeman's request to examine the underside of the vehicle to ascertain the confidential VIN.

█ We conclude, therefore, that the examination of the Cadillac in order to determine and compare the public and confidential VINs did not constitute an unreasonable search in violation of appellant's Fourth Amendment rights. It follows also that the conflicting VINs thus derived could be used in the search warrant affidavit to corroborate information given to police by an unnamed informant regarding appellant's attempt to sell a stolen car. Where, as here, police investigation had corroborated the information imparted by an informant, the informant's credibility was established. See: *Commonwealth v. Monte,* 459 Pa. 495, 329 A.2d 836 (1974); *Commonwealth v. Norwood,* 456 Pa. 330, 319 A.2d 908 (1974); *Commonwealth v. Billock,* 221 Pa.Su-

2. Section 6308(c) of the Vehicle Code of June 17, 1976, P.L. No. 81, 75 Pa.C.S.A. § 6308(c) provides:

"Any police officer or authorized department employee may inspect any vehicle in any public garage or repair shop or on the premises of any dealer, salvor, scrap metal processor, or other public place of business for the purpose of locating stolen vehicles or parts. The owner of the garage or repair shop or the dealer or other person shall permit any police officer or authorized department employee to make investigations under this subsection."

per. 441, 289 A.2d 749 (1972). An examination of the affidavit discloses that in all respects the warrant to search appellant's apartment was based on adequate probable cause.

The judgment of sentence is affirmed.