## Commonwealth v. Ostetrico

*Michael Fagella, assistant district attorney*, for the Commonwealth.
*Daniel Chunko*, for defendant.

GILMORE, *J.*, December 9, 1985 — This matter is before the court on defendant's motion to suppress. After hearing the court makes the following

## FINDINGS OF FACT

1. On February 8, 1985, Chief Edward Hank of the Charleroi Police Department received a phone call from an anonymous source that there was a stolen silver truck at defendant's service station and repair shop.

2. Chief Edward Hank along with Lt. Zelinsky went to defendant's service station and repair shop, located the truck there and after checking, discovered that the truck was not stolen.

3. When the police proceeded back to the patrol car they observed in defendant's truck, parked behind the silver truck, a steering column on the passenger's side with the cowling broken. Next to it was a tool believed to be used to break the cowling.

4. The Charleroi Police then seized the steering column based on the belief it was stolen. The rationale being that it was new, had no oil or grease on it, and because of the broken cowling with the tool nearby. It was then transported to the State Police for analysis where it was found to be stolen.

## CONCLUSIONS OF LAW

Defendant seeks to suppress the evidence of the stolen property on the premise that the police did not have adequate probable cause to search defendant's repair shop since the search was the response to an anonymous tip. Additionally, defendant argues the police did not have reasonable suspicion to believe the steering column was evidence of a crime. For reasons hereinafter discussed defendant's motion is granted.

The Fourth Amendment does not prohibit warrantless searches, but rather unreasonable searches. United States v. Samuels, 374 F. Supp. 684, 685 (E.D. Pa. 1974). What constitutes a reasonable search cannot be determined by a fixed formula, but rather must be based on the facts and circumstances of each particular case. Ker v. California, 374 U.S. 23, 83 S. Ct. 1623, 10 L. Ed. 2d. 726 (1963). Although an evaluation of the entire context surrounding a search may reveal exigent circumstances that render a warrantless search reasonable, "searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment subject only to a few specifically established and well delineated exceptions." The exceptions are jealously and carefully drawn, "there must be a showing by those who seek the exemption . . . that the exigencies of the situation made the course imperative," "[T]he burden is on those seeking the exemption to show the need for it," Cooledge v. New Hampshire, 403 U.S. 443, 454-551, 91 S. Ct. 2022, 2032, 29 L. Ed. 2d 564 (1971).

One of these exceptions, the plain view doctrine, provides for evidence to be seized without a warrant, there must be a prior valid intrusion, the dis-

covery must be inadvertent, the evidence must be immediately apparent as such, and the evidence must be in plain view. Commonwealth v. Casuccio 308 Pa. Super. 450, 454 A.2d 621 (1982). The plain view doctrine limits the right of seizure to those items of which the incriminating nature of the items is immediately apparent. The police may minutely inspect on the premises an item found in plain view only if he has reasonable suspicion to believe that it is evidence of a crime. Commonwealth v. Bowers, 217 Pa. Super 317, 274 A.2d 546 (1970).

In light of the facts, it is apparent that the Commonwealth's plain view argument must fail. The court recognizes that Chief Hank was justified in inspecting the silver truck to determine whether it was stolen. See Commonwealth v. Grabowski, 306 Pa. Super. 483, 452 A.2d. 827 (1982), citing 75 Pa.C.S. §6308. Concerning the steering column though, nothing about it immediately indicated to Chief Hank that it was evidence of a crime. Consequently, Chief Hank exceeded his authority when he seized the steering column and had it transported to the State Police so that they could inspect it. Similarly the State Police had no right to analyze it. The incriminating nature of the steering column was not immediately apparent to them either, but was revealed only after they carefully examined it. If it were permissible to inspect the steering column as done here, then police everywhere would be empowered to make exploratory rummages of anything they deemed suspicious. To permit this type of conduct under the cloak of the plain view exception would be tantamount to enlarging the scope of any search to that of a general warrant. The Constitution protects against such intrusions. This court grants the motion to suppress.

## ORDER

And now, this December 9, 1985, this court grants defendant's motion to suppress.