549 A.2d 145

COMMONWEALTH of Pennsylvania, Appellee,

v.

**John C. GRABOWSKI, Appellant.**

Superior Court of Pennsylvania.

Argued May 5, 1988.

Filed Aug. 22, 1988.

Reargument Denied Oct. 24, 1988.

Frank W. Ittel, Jr., Pittsburgh, for appellant.

Edward M. Clark, Assistant District Attorney, Pittsburgh, for Com., appellee.

Before CIRILLO, President Judge, and BECK and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from the judgments of sentence entered by the Allegheny County Court of Common Pleas, Criminal Division. On March 5, 1987, the appellant, John Grabowski, was sentenced on four counts of theft by receiving stolen property.[1] We affirm.

For the first time on appeal through his newly-appointed counsel, the appellant asserts that he was denied effective assistance of trial counsel on three grounds: 1) Trial counsel erroneously failed to file post-trial motions attacking the sufficiency of the evidence; 2) Trial counsel erroneously failed to object to the charge to the jury; and 3) Trial counsel erroneously failed to object to the admission of incompetent opinion evidence. Having reviewed the record and the parties' briefs, we find that the appellant has failed to prove his allegations of error.

The record reveals the following pertinent facts: On February 5, 1986, the appellant, who operated Superior Auto Body, an automobile repair business in Pittsburgh, was evicted from his place of business. During the eviction process, the Allegheny County Deputy Sheriff, who was supervising the eviction removal of the appellant's equipment and automobile parts, was told by one of the moving crew, Mark Loveland, that the vehicle serial numbers (VIN)

---

1. 18 Pa.C.S.A. § 3925.

had been removed from numerous inventory items. Mr. Loveland suspected that some of the parts may have been stolen. Accordingly, the Sheriff directed Mr. Loveland to contact the Pittsburgh Police Department.

At approximately 2:00 p.m. the same day, two Pittsburgh police detectives arrived at the body shop to investigate. Outside Superior Auto Body, the officers observed a flatbed truck loaded with automobile doors. Upon closer inspection, the detectives noticed that the VINs were removed from most of the doors. Believing removal of VINs to be a violation of federal law, the detectives entered the body shop to investigate further.

While inside the building, the investigators uncovered packing slips from inside automobile seats and from between the space between automobile roof and the cloth ceiling thereof. These packing slips reported the VINs of the cars upon which the seats and roofs were originally installed. The police also recorded the serial number of a word processor found on the premises. The VINs and the computer serial number were entered in the police computer. The results indicated that some of the VINs were from vehicles that had been reported stolen, and the word processor had also been reported stolen. Search warrants were then obtained, and the police seized the stolen parts and the word processor.

Several days later, the police were contacted by Charles Wilker, an investigator from the Erie Insurance Exchange. Wilker informed the police that a Pittsburgh parking citation had been issued to a Chevrolet Celebrity insured by Erie which had been reported stolen. Upon investigation, police determined that the citation was issued only hours after the reported time of the theft and the car was cited while parked within a block of Superior Auto Body. In addition, Wilker provided the police with a set of keys to the stolen car. The police then tried the keys in a Chevrolet Celebrity door and trunk that had been removed from Superior Auto Body and found that the keys opened the locks.

As a result of the investigation, the appellant was charged with six counts of theft by receiving stolen property: four counts involved auto parts found on the premises of Superior Auto Body; one count involved the door into which the keys fit; and one count involved the word processor. Demurrers were sustained as to two of the counts; involving auto parts seized at Superior Auto Body and the appellant was convicted of the remaining four. Post-trial motions were filed and denied. Mr. Grabowski was then sentenced to a term of incarceration totalling two to four years, and this appeal followed. Present counsel commenced his representation after notice of appeal had been filed.

The law in Pennsylvania presumes that trial counsel was effective. *Commonwealth v. Quier*, 366 Pa.Super. 275, 278, 531 A.2d 8, 9 (1987); *Commonwealth v. Norris*, 305 Pa.Super. 206, 210, 451 A.2d 494, 496 (1982). Consequently, the burden of proving counsel's ineffectiveness rests upon the appellant. *Quier*, 366 Pa.Superior Ct. at 278, 531 A.2d at 9; *Commonwealth v. Iverson*, 358 Pa.Super. 1, 5, 516 A.2d 738, 740 (1986). Recently, our Supreme Court, in *Commonwealth v. Davis*, 518 Pa. 77, 541 A.2d 315 (1988), reiterated the analysis to be performed when reviewing a claim of ineffectiveness.

There are three elements to a valid claim of ineffective assistance. We inquire first whether the underlying claim is of arguable merit; that is, whether the disputed action or omission by counsel was of questionable legal soundness. If so, we ask whether counsel had any reasonable basis for the questionable action or omission which was designed to effectuate his client's interest. If he did, our inquiry ends. If not, the appellant will be granted relief if he also demonstrates that counsel's improper course of conduct worked to his prejudice, i.e., had an adverse effect upon the outcome of the proceedings. *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987); *Commonwealth v. Sullivan*, 472 Pa. 129, 371

A.2d 468 (1977); *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967).

*Davis*, 518 Pa.Superior Ct. at 83, 541 A.2d at 318.

First, we will dispose of the appellant's contention that he was denied effective assistance of counsel due to counsel's failure to file a post-trial motion attacking the sufficiency of the evidence. Initially, we must determine whether the appellant's underlying claim is meritorious, i.e., whether the evidence presented was legally sufficient to support a guilty verdict. After reviewing the record, we find that the evidence presented was sufficient to support the guilty verdict.

In reviewing the sufficiency of the evidence, we view the evidence in a light most favorable to the verdict winner and give the verdict winner the benefit of all reasonable inferences arising from the evidence. The test is whether the evidence is sufficient to prove guilt beyond a reasonable doubt. *Commonwealth v. Stark*, 363 Pa.Super. 356, 360, 526 A.2d 383, 385 (1987), citing *Commonwealth v. Campbell*, 353 Pa.Super. 178, 181, 509 A.2d 394, 395 (1986); *Commonwealth v. Meadows*, 417 Pa. 201, 369 A.2d 1266, 1268 (1977).

The offense of receiving stolen property is defined in the Pennsylvania crimes code as follows:

18 Pa.C.S.A. § 3925. Receiving Stolen Property

(a) Offense defined.—A person is guilty of theft if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner.

Instantly, the appellant does not dispute that the property at issue were stolen or that he had the pilfered items in his possession. Instead, the appellant alleges that the evidence presented was insufficient to prove he possessed "guilty knowledge". "In order to establish the mens rea element of the crime of receiving stolen property, the Commonwealth must prove that the accused possessed property with 'guilty knowledge', i.e., knowing that it has been

stolen, or believing that it has probably been stolen. 18 Pa.C.S. § 3925(a)." *Commonwealth v. Dunlap,* 351 Pa.Super. 43, 47, 505 A.2d at 255, 257 (1985). Upon review of the record, we are convinced that the Commonwealth met this burden.

A permissible inference of guilty knowledge may be inferred from the unexplained possession of recently stolen goods as well as from the surrounding circumstances. Whether possession is recent and whether it is unexplained are normally questions for the trier of fact. *Commonwealth v. Williams,* 468 Pa. 357, 362 A.2d 244 (1976). *Commonwealth v. Dunlap,* 351 Pa.Superior Ct. at 47, 505 A.2d at 257; *Commonwealth v. Worrell,* 277 Pa.Super. 386, 419 A.2d 1199, 1201 (1980). Relevant considerations include but are not limited to the accused's conduct at arrest and conduct while in possession; the time elapsed between the accused's possession and the theft; the type of property; the situs of the theft and the situs of the possession; the value of the property and the price paid for the property; and the quantity of the property. *Commonwealth v. Dunlap,* 351 Pa.Superior Ct. at 47, 505 A.2d at 257; *Commonwealth v. Worrell,* 277 Pa.Superior Ct. at 391, 419 A.2d at 1201; *Commonwealth v. Simmons,* 233 Pa.Super. 547, 557–558, 336 A.2d 624, 629–630 (1975).

At trial, the jury was presented with the following evidence upon which to base its decision. The auto parts in question were removed from three automobiles: a Oldsmobile Toronado stolen on November 12, 1985, less than three months prior the initiation of the investigation on February 5, 1986; a AMC Eagle stolen on December 20, 1985, approximately one and one-half months prior to the investigation; and a Chevrolet Celebrity stolen on January 17, 1986, only nineteen days prior to the investigation. The computer in question was stolen on July 28, 1984, approximately one year and six months prior to the investigation of the appellant.

The appellant admitted that he removed the VINs from the stolen automobile parts, and testimony at trial revealed

that this practice, although not illegal, was not standard practice in the industry. Significantly, the appellant conceded that he did not have receipts or invoices for the auto parts in question, and he could not recall from where or whom he acquired the parts. The appellant thought he may have purchased them from his major supplier, but he was uncertain nonetheless. Upon cross-examination, the appellant admitted that he was aware that his major supplier was indicted because, in his words, "They were running a chop shop operation." (TT 461–462, 472) However, the appellant admittedly neither checked his business records to see if he had purchased any suspect parts from the supplier nor curtailed his purchases from the supplier.

Notably, the appellant was also unable to reveal the identity of the barter club member from whom he received the stolen computer in exchange for auto repair work, except by the name "Joe." Again, the appellant was unable to produce any records or receipts of the transaction, explaining that he did not keep a record of that transaction to avoid paying taxes on the in-kind income. The appellant testified that he performed approximately $1000.00 worth of auto repairs on Joe's car in exchange for the computer, and testimony elicited at trial revealed the computer's value to be $10,000.00. The appellant, however, was unable to explain the great disparity between the value of his work and the compensation he received.

Finally, the appellant was unable to explain his possession of the red trunk and red door from a red Chevrolet Celebrity which was stolen nineteen days prior to the initial investigation of the appellant by the police. The police were able to determine that, on the same day as theft was reported and hours after the theft had occurred, the auto was issued a parking citation on the block where the appellant's body shop was located. Moreover, keys obtained from the insurer which operated the stolen auto opened the red Celebrity door and trunk which were in the appellant's possession.

Clearly, upon review of the record, we are convinced that a jury acting in a reasonable and rational manner could conclude that the appellant possessed guilty knowledge and, therefor, was guilty beyond a reasonable doubt. *Commonwealth v. Frank Grabowski*, 306 Pa.Super. 483, 452 A.2d 827 (1982) (car stolen 2½ months prior found in defendant's possession; conviction affirmed); *Commonwealth v. McFarland*, 452 Pa. 435, 308 A.2d 592 (1973) (bonds stolen 11 months prior found in defendants' possession; conviction affirmed); *Commonwealth v. Cohan*, 177 Pa.Super. 532, 111 A.2d 182, 187 (1985) (fact that property was worth far more than price paid by defendant suggestive of guilty knowledge).

Having found that the evidence was sufficient to convict the appellant, we find that counsel was not ineffective for failing to file post-trial motion attacking the sufficiency of the evidence since counsel can not be held ineffective for his failure to pursue a meritless claim. *Commonwealth v. Parker*, 503 Pa. 336, 469 A.2d 582 (1983).

Second, the appellant asserts that trial counsel erroneously failed to object to the jury charge. He alleges the jury charge was erroneous in two respects: first, the judge insufficiently instructed the jurors in regard to the *mens rea* required, i.e., "guilty knowledge"; second, judge erroneously instructed the juror on the offenses relating to removal of VINs from automobiles as outlined in 75 Pa.C. S.A. § 7102 and 18 U.S.C.A. § 511. Again, we find that the appellant's allegation lacks merit.

Instantly, the trial judge twice read the text of the receiving stolen property statute to the jury. The courts instruction regarding guilty knowledge was as follows:

> As I already indicated, ladies and gentlemen, a defendant can be guilt of theft by receiving stolen property if he believes that the property had probably been stolen. It is not necessary that the defendant know the details of the theft or that he be certain that a theft, in fact, occurred. (TT, p. 571).

In *Commonwealth v. Litman,* 276 Pa.Super. 114, 419 A.2d 121 (1980), we reviewed a similar jury instruction on receiving stolen property. Therein, we stated: "It was incumbent upon the trial court to direct the attention of the jury to specific relevant 'surrounding circumstances' and not leave the jury free to engage in unguided speculation." Accordingly, we find that the trial judge's instruction to the jury, which was void of any mention of the surrounding circumstances to be considered, provided insufficient guidance to the jury on the question of "guilty knowledge."

However, we have previously found that, instantly, the evidence presented at trial was sufficient to prove that the appellant possessed the requisite "guilty knowledge" to sustain a conviction for theft by receiving stolen property. Unlike *Litman,* supra, where we were able to point out many exculpatory factors which the jury should have been directed to consider, we are presently unable to discern similar exculpatory circumstances. Thus, counsel's failure to request an instruction which set forth specific factors to be considered did not prejudice the appellant. The facts *sub judice* would not prompt the jury to engage in "unguided speculation." To be sure, had the jury instruction been specifically tailored to the evidence, a different result would *not* have occurred. Therefor, the appellant was not prejudiced by his counsel's actions. See *Commonwealth v. Tyson,* 363 Pa.Super. 380, 526 A.2d 395 (1987) (failure to seek instruction on victim's prior violent acts not prejudicial).

Moreover, we find that the appellant has run afoul of our Supreme Court's holding in *Commonwealth v. Pettus,* 492 Pa. 558, 424 A.2d 1332 (1980). Therein, the court stated: "This Court will no longer consider claims of ineffective assistance of counsel in the abstract. Boilerplate allegations ... are insufficient to warrant remand for an evidentiary hearing...." Instantly, the appellant has failed suggest a jury charge which, if given, would have "... offered

464

a potential for success substantially greater than the tactics actually utilized ...[.]" *Commonwealth v. Garvin,* 335 Pa.Super. 560, 485 A.2d 36 (1984).

■ In response to the appellant's allegation that the court erroneously instructed the jury concerning the state and federal statutes dealing with the removal of VINs from automobiles, we find that this assertion of error also lacks merit. At trial, both prosecution and defense made numerous reference to statutes concerning the removal of VINs. Thereafter, the trial judge read the text of both statutes to the jury in order to enable the jurors to comprehend adequately trial counsels' arguments. (TT, p. 543).

The appellant argues "that evidence of one crime is inadmissible against a defendant being tried for another crime because the fact that one crime was committed does not prove the commission of the other. *Commonwealth v. Peterson,* 453 Pa. 187, 307 A.2d 264 (1973)." (Appellants brief, p. 17) While we certainly agree with that proposition of law, we find it clearly does not apply presently. The Commonwealth did not contend nor attempt to prove that the appellant was guilty of any crime associated with removal of VINs. In fact, the Commonwealth's witness specifically testified that the appellant had not violated the statutes by removing the VINs from the auto parts. Clearly, the appellant was not prejudiced by the courts reading of the text of 75 Pa.C.S.A. § 7102 and 18 U.S.C.A. § 511. Rather, we find that the court read the sections to the jury with the purpose of clarifying the issues so that the jury would understand the questions to be resolved." See *Commonwealth v. Jordan,* 407 Pa. 575, 587, 181 A.2d 310, 316 (1962) (primary duty of trial judge when instructing jury is to clarify the issues). Thus, trial counsel was not ineffective for failing to pursue a meritless claim.

■ Finally, the appellant alleges that trial counsel was ineffective for failing to object to the admission of incompe-

tent opinion evidence. We find that this allegation is meritless.

At trial, Mark Loveland testified that, when he entered the appellant's body shop to remove the auto parts pursuant to the eviction notice, the shop appeared to him to be a stockpile of stolen auto parts. (TT, p. 189). The witness then qualified his remarks stating that his observations were based on knowledge he acquired through his personal operation of a body shop and work he performed for federal and state agencies which entailed removal of recovered stolen auto parts. Appellant now argues that Mr. Loveland was not properly qualified as an expert witness. However, we find that Mr. Loveland's testimony was not expert testimony in the traditional sense. He merely testified to observations he made while removing auto parts from the appellant's body shop and to matters strictly within his personal knowledge.

"A witness may state relevant facts known to him, because of experience, even though he is not regarded as an expert whose opinion would be admissible on a hypothetical inquiry. *Commonwealth v. Bennett*, 471 Pa. 419, 423–24, 370 A.2d 373, 375 (1977), quoting *Commonwealth v. Harris*, 186 Pa.Super. 59, 63, 140 A.2d 344, 345 (1958)." *Commonwealth v. Worrell*, 277 Pa.Superior Ct. at 392, 419 A.2d at 1202. Accordingly, we rule that Mr. Loveland was competent to testify concerning not only the observations he made while inside the appellant's body shop but also the conclusion he drew from those observations based upon his personal experience. Consequently, we will not deem trial counsel to be ineffective for failing to pursue a meritless claim.

In conclusion, we find that the appellant has failed to prove any of his allegations of error. Instantly, the evidence presented was sufficient to sustain the guilty verdicts, the appellant was not prejudiced by counsel's failure to object to the jury instruction and the witness in question was competent to testify as he did. Therefore, counsel was not ineffective, and judgments of sentence are affirmed.