J-A32004-17

## NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| Appellant | : | |
| v. | : | |
| JASON PAUL SCHROCK, | : | |
| Appellee | : | No. 841 MDA 2017 |

Appeal from the Order Entered May 10, 2017
in the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0000775-2016

BEFORE:    OTT, DUBOW, and STRASSBURGER,* JJ.

CONCURRING AND DISSENTING MEMORANDUM BY STRASSBURGER, J.:

**FILED JANUARY 10, 2018**

I agree with the Majority that, under ***Commonwealth v. Gause***, 164 A.3d 532 (Pa. Super. 2017), the Commonwealth is entitled to no relief from this Court regarding the testimony of Trooper Frantz that the droopy eyelids and pale complexions of Schrock and Rock were indicative of opiate use. Majority Memorandum at 12.  Such testimony is based upon specialized scientific knowledge beyond the ken even of laypersons familiar with marijuana users.  Further, because he was not offered as an expert witness, I agree that Trooper Frantz was properly precluded from testifying as to his training in becoming a drug recognition expert.

However, I would reverse the trial court's order insofar as it precluded Trooper Frantz's testimony that he smelled the odor of narcotics and that the

_____
*Retired Senior Judge assigned to the Superior Court.

paraphernalia found in Rock's kit was used to inject drugs, as I believe that testimony falls within Rule 701 rather than Rule 702. One does not apply an expert methodology using scientific, technical, or other specialized knowledge to identify the source of a particular aroma. Any lay person who has smelled an odor in the past can identify it when smelling it again. Indeed, in **Gause**, this Court distinguished the expert opinion that eyelid tremors are associated with marijuana use from "the typical and obvious indicia of marijuana use, such as the distinct odor of burnt marijuana…." **Gause**, 164 A.3d at 539.

Similarly, Trooper Frantz required no scientific or technical training beyond the ken of an ordinary layperson to know that narcotics users often keep a kit of tools to facilitate drug consumption. Anyone who is familiar with drug users gains this knowledge through personal observations, and Trooper Frantz has familiarity with drug users. "A witness may state relevant facts known to him, because of experience, even though he is not regarded as an expert whose opinion would be admissible on a hypothetical inquiry." **Commonwealth v. Worrell**, 419 A.2d 1199, 1202 (Pa. Super. 1980) (internal quotation marks and citation omitted) (holding, in prosecution for receipt of a stolen automobile transmission, that trooper "did not testify as an expert nor was his testimony expert testimony in the traditional sense" when he tesfied that the VIN had been ground off of a vehicle's frame, and that the front end of the vehicle was from a different model).

Therefore, I would affirm in part and reverse in part the order disposing of Schrock's motion *in limine*.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/18/2018