J-A17017-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ANDREW THOMAS WALKER | |
| Appellant | No. 3218 EDA 2014 |

Appeal from the Judgment of Sentence June 9, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0015522-2013

BEFORE: GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.: **FILED AUGUST 04, 2016**

Andrew Thomas Walker appeals from the judgment of sentence imposed in the Court of Common Pleas of Philadelphia County following his convictions for theft by unlawful taking[1] and criminal conspiracy to commit theft.[2] Upon review, we affirm Walker's judgment of sentence.

The charges in this matter relate to the theft of equipment from the Bartram High School Annex in Philadelphia on November 30, 2013. Officers witnessed two men matching flash information from a burglary radio call enter a pick-up truck, one in the driver's seat and one in the passenger's

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3921.

[2] 18 Pa.C.S.A. § 903.

seat. An officer attempted to stop the truck, and it fled across a grass field. After a chase, the truck crashed into a utility pole. The passenger then fled the crash scene and was eventually located, hiding in a residence's tool shed. In the bed of the pick-up truck, the officers observed tools, equipment, copper pipes, and a sink, which were later identified by the facility coordinator of the Bartram Annex as being similar to the items that had been stolen from the school.

Following a non-jury trial on June 9, 2014, the Honorable Daniel McCaffery found Walker, along with his co-defendant Marvin Thornton, guilty of the aforementioned charges. Walker was sentenced to three years' probation and ordered to pay restitution. His post-sentence motions were denied on October 6, 2014.

Walker filed a timely notice of appeal and court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On appeal, Walker raises one issue for our review:

> Was the evidence presented at trial by the Commonwealth insufficient to sustain Defendant's convictions for theft by unlawful taking or disposition, 18 Pa.C.S.A. [§ 3921] and criminal conspiracy, 18 Pa.C.S.A. § 903?

Brief for Appellant, at 7.

The main thrust of Walker's appeal is that all of the Commonwealth's evidence is circumstantial, and therefore cannot sustain the convictions. This Court reviews the sufficiency of the evidence according to the following standard:

[The] standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances. The Commonwealth may sustain its burden by means of wholly circumstantial evidence.

**Commonwealth v. Lynch**, 72 A.3d 706, 707-08 (Pa. Super. 2013) (internal citations and quotation marks omitted).

Walker contends the officers merely observed him entering the passenger side of a pick-up truck that contained various copper piping and porcelain sinks, and that they never observed him carrying any goods. Therefore, he claims no evidence exists to show he had control or possession of the materials in the truck. Moreover, Walker asserts that the Commonwealth failed to establish that he and Thornton formed an agreement to take items from the Bartram Annex.

We have reviewed the transcripts, the briefs, the relevant law, and the record as a whole. We find that opinion authored by Judge McCaffery thoroughly, comprehensively and correctly disposes of the issue raised by Walker on appeal and, for that reason, we affirm based on the trial court's opinion. Counsel is directed to attach a copy of that opinion in the event of further proceedings in this matter.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/4/2016

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION-CRIMINAL SECTION

COMMONWEALTH OF PENNSYLVANIA : PHILADELPHIA COURT
: OF COMMON PLEAS
: CRIMINAL TRIAL DIVISION
:
v. : CP-51-CR-0015522-2013
:
:
:
ANDREW THOMAS WALKER :
:

FILED

OPINION                                    MAY   6 2015

Criminal Appeals Unit
First Judicial District of PA.

MCCAFFERY, J

Andrew Thomas Walker (hereinafter "Appellant") appeals from the judgment of sentence imposed by this Court on June 9, 2014. For the reasons set forth below it is suggested that the judgment of sentence be affirmed.

PROCEDURAL HISTORY

On June 9, 2014, following a waiver trial, Appellant was found guilty of Theft by Unlawful Taking,18 Pa.C.S § 3921, graded as a misdemeanor of the first degree, and Criminal Conspiracy to commit theft, 18 Pa.C.S § 903.[1] Post verdict, this Court imposed a sentence of three years' probation on the Theft by Unlawful Taking charge. (N.T. 6/9/14, 83).[2] This Court also ordered Appellant to pay restitution. Appellant filed post-sentence motions, which were denied on October 6, 2014. Appellant thereafter filed a timely notice of appeal and a court ordered Pa.R.A.P. 1925(b) statement. In his 1925(b) statement, Appellant asserts that the evidence was insufficient to support the theft conviction beyond a reasonable doubt. Specifically,

---

[1] Appellant was tried jointly with Marvin Thornton, who was also found guilty.
[2] A verdict without further penalty was entered on the Criminal Conspiracy charge.

1

Appellant asserts that the Commonwealth failed to prove that either Appellant or his co-conspirator removed the property found in a truck in which Appellant was a passenger and which belonged to Appellant's co-actor, which property having been unlawfully removed from a school; or that Appellant exercised unlawful control of the property. In addition, he asserts that the evidence was insufficient to establish that he committed the crime of criminal conspiracy to commit theft because there was no evidence that he made an agreement with any other person to commit the theft from a school.

## FACTUAL HISTORY

On November 30, 2013, at about 1:20 p.m., Philadelphia Police Officer Vincent Ficchi and his partner, Police Officer Brown, members of the Police Department's Burglary Detail, were working in plain clothes when they received a radio call for a burglary in progress at 8110 Lyons Avenue, the location of Bartram High School Annex, which, at the time, was not being utilized by the Philadelphia School District. (N.T. 11-14).[3] The officers immediately proceeded to that location. Officer Ficchi and his partner checked the school and saw that a window on one of the doors had been broken and that the door's locks had been tampered with, thereby allowing entry into the building. (N.T. 14, 15-16, 27). Officer Ficchi informed police radio about what he had observed. Ficchi and his partner then set up a perimeter and parked where they could see down both Lyons Avenue and 81st Street. (N.T. 14-15).[4]

Approximately ten to fifteen minutes before the radio call, Officer Ficchi observed two men in the parking lot of the school about twenty to thirty feet from the location of the broken door. (N.T. 26). Officer Ficchi again saw the same two men while parked outside the school. (N.T. 25, 26). At the time, the men were not carrying anything. (N.T. 25). The two men, who

---

[3] All references to the record refer to the transcript of Appellant's trial recorded on June 9, 2014.
[4] The officers decided not to search the building because it was a large property and they were alone. (N.T. 14).

were dressed in clothing that matched flash information contained in the radio call of the burglary, entered a black Chevrolet pick-up truck, which was then driven into a *cul de sac* and then across a grass field. (N.T. 15-16). Officer Ficchi activated his vehicle's emergency lights and siren and pursued the vehicle. (N.T. 16-17). When the truck reached 80th Street and Lindbergh Boulevard, its driver disregarded a red light and proceeding westbound on Lindbergh at a high rate of speed until it reached 84th Street where it went southbound for a couple of blocks before its driver pulled over. (N.T. 17).

Officer Ficchi pulled behind the pick-up and ordered its driver, Marvin Thornton, to put the vehicle in park. (N.T. 17). Thornton ignored the officer and fled the scene. Officer Brown and Officer Carter, who were in separate vehicles, pursued the pick-up along with Officer Ficchi for several blocks. (N.T. 18). During the pursuit, Thornton ignored several red lights. (N.T. 36). The pursuit ended at 84th Street and Lindbergh Avenue when Thornton crash his pick-up into a utility pole. (N.T. 18, 36). Upon looking in the bed of the pick-up, Officer Ficchi observed tools, equipment, a sink, and pipes. (N.T. 23, 33).

After the crash, Officers Ficchi and Carter placed Thorton in custody. Appellant fled following the crash after Officer Brown attempted to place him in custody. (N.T. 19, 37). Officer Brown chased Appellant, who ran through the backyards of nearby residences, to avoid apprehension. (N.T. 21-22). It took police over an hour to locate and apprehend Appellant, who was found hiding in a back yard shed. Appellant also resisted arrest. (N.T. 38, 39). As stated, upon looking in the bed of the pick-up, Officer Ficchi observed tools, equipment, a sink, and pipes. (N.T. 23, 33).

Mr. Edward Coleman, employed by the Philadelphia School District as a facility area coordinator for the Bartram Annex and other schools, was working on the day of the incident and

3

was summoned to the Bartram Annex following the report of the burglary. (N.T. 48-49). He conducted an inspection of the Annex and observed that an entry door had been dismantled and in the lower levels of the building, copper pipes had been cut out and several porcelain cast iron sinks were missing. (N.T. 49-51). Mr. Coleman testified that if the door been broken the previous day, it would have been repaired. (N.T. 64).

After inspecting the building, Mr. Coleman went to the location where the pick-up crashed at the behest of the police to inspect the items in the back of the truck. (N.T. 52). Upon inspecting the pipes and sink in the truck, Mr. Coleman indicated that they were "similar to" the types of items that were removed from Bartram Annex. (N.T. 52-53). According to Mr. Coleman, neither Appellant nor Thornton had permission to be inside the Annex and that the cost to fix the damage done inside the school ranged from $7,000.00 to $10, 000.

## DISCUSSION

In his 1925(b) statement, Appellant raises the following claims:

> 1. THE EVIDENCE WAS INSUFFICIENT TO FIND
>    THE DEFENDANT GUILTY BEYOND A
>    REASONABLE DOUBT OF THE OFFENSE OF
>    THEFT BY UNLAWFUL TAKING AND
>    CRIMINAL CONSPIRACY.[5]

Appellant asserts that the evidence was insufficient to establish the crime of Theft by Unlawful Taking for a number of reasons including: 1) no one observed Appellant and/or his co-actor actually removing items from the school and placing them in the truck; 2) the Commonwealth failed to prove that Appellant exercised unlawful control of the property found in the truck; 3) the Commonwealth failed to prove that Appellant was aware of the items in the

---

[5] Appellant's claims have been combined and rephrased for purposes of efficiency and ease of review.

4

truck or that he knew or should have known that they were stolen; and 4) the evidence showing that Appellant left the scene was circumstantial, and thus, insufficient to support the charges.

Appellant next claims that his conspiracy conviction rests on insufficient evidence because the Commonwealth failed to establish that Appellant and Thornton, his co-actor, formed an agreement to take items from the Bartram Annex. It is respectfully suggested that both claims be deemed lacking in merit.

In ruling upon claims challenging the sufficiency of the evidence, the reviewing court must view all evidence and reasonable inferences therefrom in a light most favorable to the Commonwealth as verdict winner and determine whether the evidence enabled the fact-finder to find that each element of the offense was established beyond a reasonable doubt. Commonwealth v. Holley, 945 A.2d 241, 246-247 (Pa. Super. 2008), appeal denied, 598 Pa. 787, 959 A.2d 928 (2008). When reviewing the sufficiency of the evidence, the reviewing court may not substitute its judgment for that of the fact-finder, which can believe all, some, or none of a witness's testimony, and if the record contains support for a conviction it may not be disturbed. Id. at 247. Finally, the "Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact-finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances." Commonwealth v. Stokes, 38 A.3d 846, 853 (Pa. Super. 2011) (quoting Commonwealth v. Mobley, 14 A.3d 887, 889-890 (Pa. Super. 2011)).

In Pennsylvania, an individual commits Theft by Unlawful Taking or Disposition when he "unlawfully takes, or exercises unlawful control over movable property of another with intent to deprive him thereof." 18 Pa.C.S. § 3921(a). Movable property is defined, in pertinent part, as "[p]roperty the location of which can be changed . . . ." 18 Pa.C.S. § 3901. The term "deprive" is

5

defined as: "(1) To withhold property of another permanently . . . or (2) to dispose of the property so as to make it unlikely that the owner will recover it." Id.

"The material elements of conspiracy are: "(1) an intent to commit or aid in an unlawful act, (2) an agreement with a co-conspirator and (3) an overt act in furtherance of the conspiracy." Commonwealth v. Gross, 101 A.3d 28, 34 (Pa.2014); 18 Pa.C.S. § 903. "An 'overt act' means an act done in furtherance of the object of the conspiracy." Id. "The conduct of the parties and the circumstances surrounding such conduct may create a web of evidence linking the accused to the alleged conspiracy beyond a reasonable doubt." Commonwealth v. Bricker, 882 A.2d 1008, 1017 (Pa.Super.2005).

A conspiratorial agreement may be inferred from "a variety of circumstances including, but not limited to, the relation between the parties, knowledge of and participation in the crime, and the circumstances and conduct of the parties surrounding the criminal episode. These factors may coalesce to establish a conspiratorial agreement beyond a reasonable doubt where one factor alone might fail." Bricker, 882 A.2d at 1017. This Court has explained the agreement element of conspiracy as follows:

> The essence of a criminal conspiracy is a common understanding, no matter how it came into being, that a particular criminal objective be accomplished. Therefore, a conviction for conspiracy requires proof of the existence of a shared criminal intent. An explicit or formal agreement to commit crimes can seldom, if ever, be proved and it need not be, for proof of a criminal partnership is almost invariably extracted from the circumstances that attend its activities. Thus, a conspiracy may be inferred where it is demonstrated that the relation, conduct, or circumstances of the parties, and the overt acts of the co-conspirators sufficiently prove the formation of a criminal confederation. The conduct of the parties and the circumstances surrounding their conduct may create a web of evidence linking the accused to the alleged conspiracy beyond a reasonable doubt. Even if the conspirator did not

6

act as a principal in committing the underlying crime, he is still criminally liable for the actions of his co-conspirators in furtherance of the conspiracy.

Commonwealth v. McCall, 911 A.2d 992, 996-97 (Pa.Super.2006).

The "overt act [necessary to establish criminal conspiracy] need not be committed by the defendant; it need only be committed by a co-conspirator." McCall, 911 A.2d at 996. Further, "[e]ach co-conspirator is liable for the actions of the others if those actions were in furtherance of the common criminal design." Commonwealth v. King, 990 A.2d 1172, 1178 (Pa.Super.2010) (Citing Commonwealth v. Baskerville, 681 A.2d 195, 201 (Pa. Super.1996)).

Instantly, a review of the evidence in a light most favorable to the Commonwealth establishes the evidence was more than sufficient to support the theft and criminal conspiracy charges. On the day of the incident, Philadelphia Police observe Appellant and his co-defendant on the property of a closed public school. Fifteen minutes later, the officers receive a radio call announcing a burglary at the school leading them to investigate. Upon arrival at the school, they discover a door with a broken window and a door. The door was situated on the same side of the school where the police observed Appellant and his co-defendant.

Shortly thereafter, Police set up a perimeter around the school to conduct a surveillance of the area. Instantly, the police observe Appellant and his co-defendant coming from the direction of the school, enter a pick-up truck, and drive across a grass field to flee the area. Police immediately pursued the truck and its driver, Appellant's co-defendant, who ignored police directives to stop and fled from police at a high rate of speed, running red lights. The pursuit finally ended when the truck crashed at which point Appellant fled and secreted himself in a back yard shed. When police went to take Appellant in custody, he resisted.

7

Further evidence showed that the truck contained property linked to the school. It also established that Appellant did not have permission to enter the school and that the school had been secure the previous day.

The circumstances surrounding the conduct of Appellant and his co-defendant created a circumstantial web of evidence linking Appellant to the theft of the property from the school. There was clearly sufficient evidence circumstantial and direct to find that Appellant and his co-defendant formed a conspiracy, the object of which was to commit a theft from the school beyond a reasonable doubt. When viewed in conjunction with each other and in the context in which the events herein occurred, it is clear that the evidence proved beyond a reasonable doubt that Appellant was not an "innocent bystander or merely present in the truck", but rather, he was an active participant in the theft, which was conclusively established by the conduct of the parties.

It is well settled that a permissible inference of guilty knowledge may be drawn from the unexplained possession of recently stolen good as well as from surrounding circumstances. Commonwealth v. Grabowski, 549 A.2d 145, 148 (Pa. Super. 1988), appeal denied, 559 A.2d 526 (Pa. 1988). Such surrounding circumstances include, but are not limited to the time elapsed between the accused's possession and the theft; the type of property; and the situs of the theft and the situs of the possession. Id., 549 A.2d at 148. Moreover, whether possession is recent and whether it is unexplained are generally questions for the trier of fact. Id. at 461, 549 A.2d at 148.

Appellant and Thornton confirmed their joint participation in a conspiracy and the possession of the stolen items by their joint actions on the day of the incident including their joint flight on the day of the incident. Appellant further confirmed his involvement when he fled following the crash of the truck. If Appellant had been "merely" an innocent bystander, it is

reasonable to infer that he would not have fled after the truck crashed or hidden in a back yard shed to avoid apprehension. See Commonwealth v. Rizzulo, 566 Pa. 40, 777 A.2d 1069, 1078 (Pa. 2001) ("[E]vidence of flight shows a consciousness of guilt."); Commonwealth v. Davalos, 779 A.2d 1190, 1194 (Pa. Super. 2001) (flight from crime scene with alleged co-conspirators shows consciousness of guilt, and thus participation in conspiracy).

Evidence showing possession of recently stolen items was deemed sufficient to sustain a conviction for Theft by Unlawful Taking when, as is the case here, other factors are present. Commonwealth v. Plath, 405 A.2 1273 (Pa. Super. 1979) (section 3921 conviction upheld where defendant found in possession of a vehicle stolen several hours earlier and attempted to evade police after being spotted); Commonwealth v. Hanes, 522 A.2d 622 (Pa. Super. 1987) (evidence was sufficient to sustain theft conviction under section 3921 where defendant found driving a logging truck filled with logs that had been stolen the same day).

Accordingly for all of the foregoing reasons, it is submitted that the evidence was sufficient to sustain Appellant's conviction and the judgment of sentence should be affirmed.

## CONCLUSION

Based on the foregoing, it is respectfully suggested that the judgment of sentence be affirmed.

BY THE COURT,

Date: 3/6/2015

_____
Daniel D. McCaffery, J.

9