473 A.2d 629

**COMMONWEALTH of Pennsylvania**

**v.**

**Scott SHERLOCK, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 12, 1984.

Filed March 23, 1984.

Salvatore J. Cucinotta, Philadelphia, for appellant.

Ronald T. Williamson, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before CAVANAUGH, McEWEN and CIRILLO, JJ.

CIRILLO, Judge:

On June 13, 1981 the appellant, Scott Sherlock, and his girlfriend, Susan Hogue, switched motor vehicles for the evening as they had often done in the past. It was their practice to leave the ignition keys in each vehicle and to replace any gas they had used. Early the next morning, the appellant returned Susan's vehicle to her residence on Highland Road in Lansdale, where she lived with her parents. The appellant then tapped on Susan's bedroom window and requested that she come outside. Susan refused, but the appellant persisted. Susan testified that she was afraid the appellant knew she had gone out with someone else that night. The appellant testified that all he wanted was the keys to his house and car. Susan's father told the appellant to leave or he would call the police. So the appellant went to his car, started it with a spare ignition key and pulled out of the driveway. However, as he reached the street, he noticed his gas gauge was on "empty" and he was not sure that he could make it home. The appellant testified that he had no money and he wanted to let Susan know that he did not have any gas in the car. Therefore, the appellant parked his car on the street and walked to the front of the house where he saw Susan in the picture window. Just as he began to tap on the window, police cars arrived, so the appellant hid behind some bushes.

After a short time he went to leave but was halted by police and a scuffle ensued. The appellant was arrested and charged with simple and aggravated assault, defiant trespass, resisting arrest, loitering and prowling.

He was brought to trial on February 11 and 12, 1982 before the Honorable William T. Nicholas and a jury. The jurors found the appellant guilty of defiant trespass [1] and not guilty as to all other charges. Post-trial motions for a new trial and in arrest of judgment were filed and denied after argument. On May 27, 1982 the appellant was placed on probation for one year and fined $200.00. An appeal was filed with this Court on June 4, 1982. Thereafter, the appellant filed a motion to modify sentence and arrest judgment, which was dismissed by the trial court.

The sole question preserved for our review is whether the trial judge erred in failing to charge the jury regarding the appellant's reasonable belief that he had permission to remain on the property.

In charging a jury, it is the duty of the trial judge to clarify issues so that the jurors may comprehend the questions they are to resolve, to elucidate correct principles of law applicable to the pending case, and to endeavor to make such principles understandable in plain language. *Commonwealth v. Funke*, 306 Pa.Super. 542, 452 A.2d 857 (1982). The failure to fulfill this duty deprives the defendant of a fair trial. *Commonwealth v. Bishop*, 472 Pa. 485, 372 A.2d 794 (1977); *Commonwealth v. Litman*, 276 Pa.Super. 114, 419 A.2d 121 (1980).

The relevant portion of the jury charge is as follows:

A person commits this offense of defiant trespass if knowing he is not licensed or privileged to do so he enters or remains in any place as to which notice against trespass is given by actual communication to the actor, and in this instance it is charged that the defendant defied an

---

1. The crime of defiant trespass, codified at 18 Pa.C.S.A. § 3503(b), occurs when a person remains in a place where he is not privileged to remain after notice of trespass is given. *Commonwealth v. Conyers*, 238 Pa.Super. 386, 357 A.2d 569 (1976).

order to leave personally communicated to him by the owner in this instance, Mr. Hogue.

Let me break this offense down for you into its constituent elements.

In order to find the defendant guilty of being a defiant trespasser you must find that all of the following elements have been established beyond a reasonable doubt: One, that the defendant entered or remained on the property of Mr. and Mrs. Hogue; two, that the notice against trespass in that place was given by actual communication to the defendant or that notice of trespass—strike that. That notice against trespass in that place was given by actual communication to the defendant; three, that the defendant knew he was not licensed or privileged; that is, he had no permission from the owner to be in such place; four, that the defendant defied an order to leave personally communicated to him by the owner of the premises or other authorized person.

Thus, members of the jury, if after considering all of the evidence you find that the Commonwealth has established each of these elements, these four elements beyond a reasonable doubt, then you may find the defendant guilty of criminal trespass by defiant trespasser; otherwise, you must find the defendant not guilty.

Defense counsel requested that the trial judge charge the jury in conformity with 18 Pa.C.S.A. § 3503(c)(3) which states:

(c) **Defenses.** It is a defense to prosecution under this section that:

.    .    .    .    .

(3) the actor reasonably believed that the owner of the premises, or other person empowered to license access thereto, would have licensed him to enter or remain.

The trial court refused counsel's point for charge, expressing that it had already been covered. Appellant's counsel, in conformity with Rule 1119(b) of the Pennsylvania Rules of Criminal Procedure, noted an exception to the court's failure to include the proposed point for charge.

■ . In determining the adequacy of the instructions to the jury on the relevant legal principles, the charge must be read as a whole. *Commonwealth v. Zettlemoyer*, 500 Pa. 16, 454 A.2d 937 (1982); *Commonwealth v. Warren*, 313 Pa.Super. 390, 459 A.2d 1285 (1983). The Commonwealth asserts that the defense of reasonable belief was adequately covered by the court's charge. However, our reading of the charge is contrary to this assertion. Judge Nicholas merely stated to the jurors that they had to find that the appellant knew he had no permission from the owner to be on the property. The charge cannot be said to satisfactorily cover the provisions of section 3503(c)(3) since no mention is made concerning the appellant's reasonable belief that Susan licensed him to be on the property.

■ The Commonwealth claims that Susan was not in that class of persons who could grant authority since she did not own the property. We do not agree. Section 3503(c)(3) does not limit to the owner of the premises the power to license access to his property. Rather, it includes those people "empowered to license access thereto." Certainly, it was in contemplation of our lawmakers to include the owner's daughter, living on the premises, in the class of persons able to license access to the property, absent evidence to the contrary. *Cf. Commonwealth v. Burton*, 299 Pa.Super. 147, 445 A.2d 191 (1982). (Defendant's girlfriend had the power to allow the defendant access to the back porch of a boarding house where she rented a room).

■ The appellant and Susan had known each other since high school and had been dating each other for over two years at the time of this incident. They had even lived together for a period of time. Often, they used each other's motor vehicles and, when so doing, would replace whatever gas was used. So too, the appellant's tapping on Susan's window was a common form of communication between the two. Thus, despite the fact that Mr. Hogue told the appellant to leave, the appellant could have reasonably believed that he was licensed to return to the property to ask Susan for gas money or his other set of keys. In view of these

circumstances, the failure of the trial court to charge the jury regarding the defense of appellant's reasonable belief was prejudicial error. Consequently, we reverse the judgment of sentence of the trial court and remand for a new trial.

REVERSE and REMAND.

JURISDICTION IS RELINQUISHED.