J-S01001-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JACQUARRY BENZO, | : | |
| | : | |
| Appellant | : | No. 567 WDA 2013 |

Appeal from the Judgment of Sentence entered on March 6, 2013
in the Court of Common Pleas of Allegheny County,
Criminal Division, No. CP-02-CR-0013131-2012

BEFORE: GANTMAN, P.J., JENKINS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED FEBRUARY 5, 2015**

Jacquarry Benzo ("Benzo") appeals from the judgment of sentence entered following his conviction of defiant trespass. **See** 18 Pa.C.S.A. § 3503(b)(1)(i). We affirm.

The trial court aptly summarized the relevant history underlying the instant appeal as follows:

> [Benzo] was accused [in the instant case] of defiant trespass at a public housing complex known as Leland Point [Apartments]. He had previously pled guilty to four (4) separate cases [of] defiant trespass at that same location (2011-15069, 2011-15073, 2011-15239, 2012-5066). The [trial] court had sentenced [Benzo] to periods of probation at each of the four (4) previous cases, and a no[-]contact provision with Leland Point was imposed as a term of each probationary period. During the stipulated nonjury trial [in the instant case], the Commonwealth and [Benzo] stipulated to the facts contained in the Affidavit of Probable Cause. The Commonwealth also introduced as Exhibit One the Notice of Criminal Trespass that had previously been signed by, and served on, [Benzo]. The Notice of Criminal Trespass specifically informed [Benzo] that he was "NOT TO

ENTER UPON THE LAND AND PREMISES, DESCRIBED AS LELAND POINT APARTMENTS, PITTSBURGH, PA." The notice further advised that [Benzo] would be charged with Criminal Trespass for violating the terms of the Notice.

Following the close of the Commonwealth's case, [Benzo] moved for a Judgment of Acquittal, asserting, first, that [Benzo] was an invited guest of a tenant of the apartment complex, thereby giving him privilege to be present, and, second, that his exclusion from the apartment complex by the owner of the complex and the court's no[-]contact [O]rder at previous cases violated his right to association. Th[e trial] court denied the motion. [Benzo] and the Commonwealth then stipulated in the defense case that [Benzo] was an invited guest of a tenant at Leland Point, after which [Benzo] rested.

Trial Court Opinion, 7/21/14, at 2-3.

The trial court convicted Benzo of defiant trespass, and sentenced him to one year of probation. The trial court additionally sentenced Benzo, at case numbers 2012-5066 and 2011-15069, to one-year terms of probation, for a total sentence of three years of probation. Thereafter, Benzo timely filed a Notice of Appeal, and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

In this appeal, Benzo claims that the evidence is insufficient to sustain his conviction of defiant trespass. Brief for Appellant at 11. Benzo asserts that he was invited onto the premises of Leland Point Apartments, and, as an invited guest, reasonably believed that he was privileged to be present in the apartment complex. *Id.* at 13. Benzo cites *Commonwealth v. Sherlock*, 473 A.2d 629 (Pa. Super. 1984), and *Commonwealth v. Burton*, 445 A.2d 191 (Pa. Super. 1982), in support, arguing that a tenant

- 2 -

retains the authority to give an individual permission to be on the premises, even when the owner has ordered that person to leave. Brief for Appellant at 13.

In reviewing a challenge to the sufficiency of the evidence, we evaluate the record "in the light most favorable to the verdict winner[,] giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence." ***Commonwealth v. Bibbs***, 970 A.2d 440, 445 (Pa. Super. 2009) (citation omitted).

> Evidence will be deemed sufficient to support the verdict when it established each element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty, and may sustain its burden by means of wholly circumstantial evidence. Significantly, [we] may not substitute [our] judgment for that of the factfinder; if the record contains support for the convictions they may not be disturbed.

***Id.*** (citation and quotation marks omitted). "Any doubt about the defendant's guilt is to be resolved by the factfinder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances." ***Commonwealth v. Scott***, 967 A.2d 995, 998 (Pa. Super. 2009).

Benzo challenges the sufficiency of the evidence underlying his conviction of defiant trespass. A person commits the crime of defiant trespass if, "knowing that he is not licensed or privileged to do so, he enters or remains in any place as to which notice against trespass is given by … actual communication to the actor[.]" 18 Pa.C.S.A. § 3503(b)(1)(i).

- 3 -

In its Opinion, the trial court addressed Benzo's claim and concluded that it lacks merit. Trial Court Opinion, 7/21/14, at 7-9. We agree with the sound reasoning of the trial court and affirm on that basis. *See id.* We additionally observe the following.

Benzo relies upon this Court's decisions in *Sherlock* and *Burton*. However, neither case is on point. In both cases, the owner of the premises had asked the defendant to leave. *Sherlock*, 473 A.2d at 630; *Burton*, 445 A.2d at 192. In the instant case, as part of Benzo's sentence in a prior criminal case, the trial court ordered Benzo not to return to the apartment complex. Trial Court Opinion, 7/21/14, at 3-5; N.T., 7/18/12, at 12-14, 15. The trial court repeatedly told Benzo that, during his term of probation,

> you will have absolutely no contact with the apartment complex previously known as Leland Point [Apartments] or currently known as the Residences of South Hills. That means, sir, you can't go to that complex for any reason whatsoever[,] as I explained to you earlier, not to visit friends or relatives, nor to go hang out, not to use a restroom in the place or a telephone. I don't care what's going on. If your car breaks down right in front of it, you cannot go in to call a tow truck. Do you understand?
>
> [Benzo]: Yes.

Trial Court Opinion, 7/21/14, at 5 (quoting N.T., 7/18/12, at 15). Under these circumstances, Benzo had no reasonable belief of a privilege to be present on the premises. Accordingly, we affirm Benzo's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/5/2015

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA,    No. CR 13131-2012

v.

JACQUARRY BENZO,

Defendant.

FILED
2014 JUL 21 PM 1:46
DEPT. OF COURT RECORDS
CRIMINAL DIVISION
ALLEGHENY COUNTY PA.

OPINION

BETH A. LAZZARA, JUDGE
Court of Common Pleas

Copies Sent To:

Michael W. Streily, Esquire
Office of the District Attorney
Allegheny County Courthouse
Pittsburgh, PA 15219

Daniel J. Eichinger, Esquire
Office of the Public Defender
400 County Office Building
542 Forbes Avenue
Pittsburgh, PA 15219

THE COURT OF COMMON PLEAS
OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF
PENNSYLVANIA,

CRIMINAL DIVISION

vs.

CC: 2012-13131

JACQUARRY BENZO,

Defendant.

OPINION

This is a direct appeal following a stipulated non-jury trial and probation violation hearing held on March 6, 2013. On that date, this court found the Defendant guilty of one count of Defiant Trespass (18 Pa. C.S.A. §3503(b)) and sentenced him to one (1) year probation. This court also resentenced him for violating his probation on cases at 2012-5066 and 2011-15069 and sentenced him to one (1) year probation at each case, for a total sentence of three (3) years probation.[1] On appeal, the Defendant asserts that there was insufficient evidence to convict him of defiant trespass where he had a reasonable belief that he was privileged to be in his friend's apartment as an invited guest.

---

[1] On this date, this court closed interest on the Defendant's previous cases at 2011-15073 and 2011-15863.

The Defendant was accused at the case at 2012-13131 of defiant trespass at a public housing complex known as Leland Point. He had previously pled guilty to four (4) separate cases to defiant trespass at that same location (2011-15069, 2011-15073, 2011-15239, 2012-5066). The court had sentenced the Defendant to periods of probation at each of the four (4) previous cases, and a no contact provision with Leland Point was imposed as a term of each probationary period. During the stipulated non-jury trial at case 2012-13131, the Commonwealth and the Defendant stipulated to the facts contained in the Affidavit of Probable Cause. The Commonwealth also introduced as Exhibit One the Notice of Criminal Trespass that had previously been signed by, and served on, the Defendant. (T.R. 3/6/13, pp. 5-6). The Notice of Criminal Trespass specifically informed the Defendant that he was "NOT TO ENTER UPON THE LAND AND PREMISES, DESCRIBED AS LELAND POINT APARTMENTS, PITTSBURGH, PA." The Notice further advised that the Defendant would be charged with Criminal Trespass for violating the terms of the Notice. (*See* Exhibit 1).

Following the close of the Commonwealth's case, the Defendant moved for Judgment of Acquittal, asserting, first, that the Defendant was an invited guest of a tenant of the apartment complex, thereby giving him privilege to be present, and, second, that his exclusion from the apartment complex by the owner of the complex and the court's no contact order at previous cases violated his right to association. (T.R. 3/6/13, pp. 6-8). This court denied the motion. (T.R. 3/6/13, p. 8). The Defendant and Commonwealth then stipulated in the defense case that the Defendant was an invited guest of a tenant at Leland Point, after which the Defendant rested. (T.R. 3/6/13, p. 9).

2

Following the close of evidence, this court found the Defendant guilty of Defiant Trespass. (T.R. 3/6/13, p. 9). At the time of sentencing, this court sentenced him on his most recent conviction, as well as his probation violations. (T.R. 3/6/13, pp. 19-24).

As was noted previously, this court had initially ordered that the Defendant have no contact with the Leland Point Apartment Complex, now known as the Residences of South Hills, on July 18, 2012 following his guilty pleas on defiant trespass charges.[2] The cases arose from the Defendant's violation of a Notice of Criminal Trespass that he had signed on September 17, 2011, which banned him from being in the apartment complex. Following guilty pleas on all five (5) cases, this court sentenced the Defendant to a total period of 2 ½ years probation and imposed the no contact provision regarding the Leland Point Apartment Complex.

Throughout the plea proceedings on July 18, 2012, this court made it very clear, on numerous occasions, that the Defendant was to have no contact with Leland Point, including the following exchanges with the Defendant and his attorney, Rhiannon Sisk:

THE COURT:    The problem is that they're all involving the same location. He doesn't seem to get the hint.

MS. SISK:    I understand, Your Honor. And I believe I have spoken to him at length about this. And I believe he understands that he has to stay out of there and not go back. It would be a violation of his probation, which would give Your Honor—

THE COURT:    Put him in jail?

MS. SISK:    Yes. The chance to do that.

---

[2] The Defendant was charged with the following counts: 15609-11 (Defiant Trespass), 15703-11 (Defiant Trespass), 11529-11 (Escape, Defiant Trespass), 15863-11 (Theft from a Motor Vehicle, Loitering and Prowling, Conspiracy), and 5066-12 (Defiant Trespass).

3

THE COURT: Not a chance. Do you understand that, Mr. Benzo?

MR. BENZO: Yes, Your Honor.

THE COURT: You will go to jail if you go back there one more time. And you will stay there. Do you understand that, sir?

MR. BENZO: Yes.

THE COURT: Fully and completely?

MR. BENZO: Yes.

(T.R. 7/18/12, pp. 9-10).

• • • • • • •

THE COURT: When I was talking to you as Ms. Sisk was speaking, I'm very serious, sir. This is not some sort of threat. If you go back to Leland Point again, if you get arrested for that, it's going to be a violation. There's going to be—you're going to be detained and you're going to sit in jail, because obviously with five cases, four of which involve that, one which is now circulating up through that involves the same thing, you are not allowed on that property.

Do you get it? I don't understand how you can't get it. It seems pretty clear.

Is there somebody that you go visit there all the time?

MR. BENZO: Yeah.

THE COURT: Guess what- you can't. I don't care if it's your mother. I don't care if it's your grandmother. I don't care if it's your best friend. I don't care if it's your girlfriend.

Do you understand? There is no reason in the world that you should be on that property. And I am not trying to scare you. I am not trying to threaten. I am simply telling you what the consequences will be if you are on that property again. And those consequences will be that you will be arrested, you will be detained, you will remain in the Allegheny County Jail. And it's not going to be for a week. It's not going to be

4

for a couple of weeks. It's going to be for a lengthy period of time.

Do you understand that?

MR. BENZO: Yes, Your Honor.

THE COURT: Okay. If that's the only way that I can make that impression on your, sir, then that's what's going to happen.

Now, nobody wants you in jail. You're 19 years old. You should not want to be in jail. But you seem to have a hard time understanding you can't go there. There is nothing good there for you. Stay out of Leland Point.

Understood?

MR. BENZO: Yes.

(T.R. 7/18/12, pp. 12-14).

• • • • • • •

THE COURT: So at the case CC 201115069, I am going to impose a period of one year probation. That, sir, will begin today. During that time, sir, you will have absolutely no contact with the apartment complex previously known as Leland Point or currently known as the Residences of South Hills. That means, sir, you can't go to that complex for any reason whatsoever as I explained to you earlier, not to visit friends or relatives, not to go hang out, not to use a restroom in the place or a telephone. I don't care what's going on. If your car breaks down right in front of it, you cannot go in to call a tow truck.

Do you understand?

MR. BENZO: Yes.

THE COURT: There's no reason to be on that property whatsoever. Need to make sure you understand that. All right?

(T.R. 7/18/12, p. 15).

5

In sentencing the Defendant for his cases at 2011-15239, 2011-15863 and 2012-05066, this court reiterated that the Defendant was to have no contact with Leland Point/Residences of South Hills. (T.R. 7/18/12, pp. 16-17). Following the imposition of his sentence on all cases, this court again emphasized that the Defendant was to have no contact with the apartment complex, by stating the following:

THE COURT: So that adds up, sir, to a period of two and a half years probation, all right, with no contact with Leland Point/Residences of South Hills during that time.

Walk onto that property once, if they catch you, okay, it's reported to them, you will be arrested and detained and you will spend time in jail, and it will not be a month's time. Do you understand that, sir?

MR. BENZO: Yes, Your Honor.

THE COURT: I cannot make myself any clearer. I hope you understand. I don't care who lives there that you know and like; you have to meet them outside of that property.

Understood?

MR. BENZO: Yes.

(T.R. 7/18/12, pp. 17-18).

Before the end of his sentencing, this court reminded the Defendant one more time to not go to the apartment complex, saying:

THE COURT:     But if you go back to Leland Point and pick up another charge, I'm never going to reduce it.  So if you want the probation reduced, you need to make sure, sir, that you stay off that property.  Okay?

MR. BENZO:     Yes.

(T.R. 7/18/12, p. 19).

Less than two (2) weeks after the Defendant's guilty pleas and sentencing on July 31, 2012, the Defendant attended a party at Leland Point/Residences of South Hills, resulting in the Defiant Trespass charge at 2012-13131.  On appeal, the Defendant asserts that there was insufficient evidence to prove that he did not have a bona fide belief that he was legally privileged to enter an apartment in the complex from which he had been banned.  He argues that the Commonwealth failed to show that he would have known that a Notice of Criminal Trespass superseded his invitation to attend an invitation to the tenant's home.

The Defendant was charged with Defiant Trespass, under 18 Pa. C.S.A. §3503(b)(1), which provides that a person commits an offense, if, knowing that he is not licensed or privileged to do so, he enters or remains in any place as to which notice against trespass is given by, *inter alia*, actual communication to the actor.  Defiant trespass is normally committed when a person enters or remains in a place where he is

7

not privileged to remain after notice of trespass is given. <u>Com. v. Hagan</u>, 539 Pa. 609, 618, 654 A.2d 541, 546 (1995).

Here, the Defendant clearly knew that he was not to be in the apartment complex known as Leland Point/Residences of South Hills on July 31, 2012. He was well aware of the Notice of Criminal Trespass that he had signed ten (10) months prior. He was well aware of the fact that his violation of the Notice had led to four (4) criminal trespass charges and convictions. Further, he was well aware that he was serving a period of probation as a direct result of his violation of the Notice. Additionally, he was well aware, following his sentencing on July 18, 2012, that a no contact order with Leland Point Apartments was a condition of his probation. The Defendant's arrest at 2012-13131 occurred less than two (2) weeks after this court made it abundantly clear that the Defendant was not permitted to be at the apartment complex under any circumstances. This court asked the Defendant numerous times if he understood the court's no contact provision, and he answered in the affirmative each time. His defense attorney on July 18, 2012 had also advised the court that she had explained and advised the Defendant to stay away from the Leland Point apartment complex. (T.R. 7/18/12, p. 9). In addition to the Notice of Criminal Trespass that had been in place when his prior sets of criminal charges occurred, he was put on notice in clear and certain terms on July 18, 2012 that he was not to step foot in the complex. As such, the Defendant had knowledge that he was not permitted to enter the apartment complex under any circumstances after notice of such was provided by the Notice of Criminal Trespass, his attorney, and this court.

8

Based on the foregoing, this court's verdict and sentence should be upheld.

BY THE COURT:

_____, J.
Beth A. Lazzara, Judge

_7/2c/14_____
Date

9