J-S90013-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
v. :
:
:
DARLENE M. GALL :
:
Appellant : No. 1468 EDA 2016

Appeal from the Judgment of Sentence April 14, 2016
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-SA-0000024-2016


BEFORE: OTT, SOLANO, and JENKINS, JJ.

MEMORANDUM BY OTT, J.: **FILED MAY 05, 2017**

Darlene M. Gall appeals from the judgment of sentence entered on April 14, 2016, in the Lehigh County Court of Common Pleas. On December 16, 2015, at the conclusion of a summary trial, the trial court found Gall guilty of one count of criminal trespass/simple trespasser.[1] The court sentenced Gall to pay a fine and costs. On appeal, Gall raises two issues: (1) there was insufficient evidence to support her conviction; and (2) the court erred by finding her defense of justification by necessity was irrelevant. After a thorough review of the submissions by the parties, the certified record, and relevant case law, we affirm the judgment of sentence.

_____

[1] 18 Pa.C.S. § 3503(b.1)(1)(iii).

The facts pertaining to the case are as follows: On July 14, 2015, Gall trespassed on her neighbor's, Gloria Hieter's, property located at 2558 Columbus Drive, Emmaus, Pennsylvania. She then used an electric chain saw and cut down a tree limb, approximately 20 to 25 feet in length, from an apple tree that was located on the neighbor's property and transported it back to her own property where she left it in her driveway. Gall admitted she cut down the limb, but claimed she did so because it was blocking her use of an easement and she could not drive past the tree without it scratching the roof of her vehicle.[2] She also stated she was concerned about the possibility of an ambulance being able to reach her property by means other than her driveway.

The trial court set forth the procedural history as follows:

> On December 16, 2015, after a summary trial, Magisterial District Judge Daniel C. Trexler found [Gall] guilty of one count of Criminal Trespass/Simple Trespasser, in violation of 18 Pa.C.S.A [§] 3503([b].1)(1)(iii), a Summary Offense at NT-108-2015, Citation No. Y0028584-3. [Gall] was sentenced to pay a fine of $50 and court costs in the amount [of] $154.00 for a total of $204.00. On January 15, 2015, [Gall] filed a Notice of Appeal from Summary Criminal Conviction.

> On April 14, 2016, after a *de novo* summary appeal hearing, this Court found [Gall] guilty of the charge of Criminal [Trespass]/Simple Trespasser in violation of 18 Pa.C.S.A. [§] ([b].1)(1)(iii), a Summary Offense. [Gall] appeared for the hearing and was represented by counsel, Craig B. Neely, Esquire. The Commonwealth, through the Lehigh County District

---

[2] The easement is grassy in nature, not paved. Gall has a separate driveway that goes to her house.

- 2 -

Attorney's Office, presented testimony and evidence in support of the foregoing citation issued to [Gall] under 18 Pa.C.S.A. §3503(b.1)(1)(iii), for criminal trespass/simple trespasser. The alleged criminal trespass occurred on the premises of 2558 Columbus Dr., Emmaus, Lehigh County, Pennsylvania 18049, a neighboring property to [Gall]'s property located at 4551 Oak Hill Rd[.], Emmaus, PA 18049. [Gall] allegedly intruded onto her neighbor's property where she allegedly cut down a branch from her neighbors' tree that [Gall] alleged was protruding onto the right-of-way that she used to access her own property on July 14, 2015. [Gall] was found guilty of the offense following the bench trial and was sentenced that same day to pay a fine in the amount of $50.00 and to pay the costs of prosecution.

[Gall] filed a Notice of Appeal to the Superior Court of Pennsylvania on May 13, 2016, which incorrectly noted the date of the Order entered in this matter as May 14, 2016. Counsel for [Gall], Craig B. Neely, Esquire notified the Court of his mistake by letter on May 16, 2016, and he filed a corrected Notice of Appeal on May 16, 2016. By Order of Court dated May 19, 2016, [Gall] was [o]rdered to file a Concise Statement of Matters Complained of within twenty-one days of the Order. [Gall] timely filed her Concise Statement of Matters Complained of on Appeal.

Trial Court Opinion, 7/15/2016, at 1-2.[3]

In Gall's first issue, she complains there was insufficient evidence to convict her of criminal trespass/simple trespasser because the Commonwealth "did not establish that [Gall] knew that she was [] 'not licensed or privileged to do so' when she entered upon the Heiter premises

---

[3] It merits mention that while the court's Rule 1925(a) opinion was dated July 15, 2016, it was timestamped and filed three days later.

to cut the branch that was blacking her private lane." Gall's Brief at 4.[4]

Specifically, she states:

> The Trial Court's analysis focused on the variations between the crimes of Simple Trespass and Defiant Trespass, and concluded that "… while the burden of showing posting or indirect or direct notice against trespassing, is an element of the crime of defiant trespass, 18 Pa.C.S.A. [§] 3503(b), it is not an element of simple trespassing." Trial Court 1925(a) Opinion, at 7. The Trial Court's Opinion ignores the predicate language to a conviction for either defiant trespass or simple trespass that is part of the definition of both crimes, namely – "A person commits an offense if, knowing that he is not licensed or privileged to do so, he enters or remains in any place …" The Trial Court's decision holds that the Commonwealth does not need to prove that [Gall] had actual knowledge that she was not licensed or permitted to enter upon the H[ie]ter property, which is contrary to the explicit language of [] 18 Pa.C.S.A. [§] 3503(b.1.)[.]
>
> The Commonwealth offered no evidence, and [Gall] offered no testimony, indicating [she] was ever informed that she was not permitted on the Hieter property, and [she] did not testify

---

[4] We note that Gall stated this issue somewhat differently in her concise statement:

> The Commonwealth offered no evidence that there was any posting or notice that [Gall] was not permitted on the premises. [Gall] only entered upon the premises of the alleged victim to remove the tree branch that was completely blocking the right-of-way, which amounted to her maintaining the right-of-way so that she could use the right-of-way and ensure that emergency vehicles could access her premises in the event of a health emergency or an emergency that imperiled her property.

Defendant's Concise Statement of Matters Complained of on Appeal, 6/6/2016, at ¶ 2. Nevertheless, we will overlook this slight transgression, and will decline to find waiver. *See* Pa.R.A.P. 1925(b)(4)(vii)("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

that she had any knowledge that she was not licensed or privileged to be there. Consequently, no evidence was before the Court to indicate that [Gall] "knew" that she could not enter upon the H[ie]ter property.

The Legislature explicitly states in 18 Pa.C.S.A. [§] 3503(b.1.) that [Gall] must know that she was not licensed or privileged to enter upon the H[ie]ter property. Here, the Commonwealth offered no evidence that could directly, or by reasonable inference, establish that [Gall] knew that she was not permitted on the premises.

The Trial Court attempts to use the differences between the defiant trespass and simple trespass statutes to support its finding of guilt for simple trespass without any evidence of [Gall] knowing that she was not permitted on the Hieter property. Trial Court 1925(a) Opinion, at 7. [Gall] acknowledges that there are differences between the two crimes, but the distinctions do not impact consideration of [Gall]'s claims.

*Id.* at 5-6.

Our standard of review when considering a challenge to the sufficiency of the evidence is well-settled:

The standard we apply … is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and

- 5 -

the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Beasley***, 138 A.3d 39, 45 (Pa. Super. 2016) (citations omitted), *appeal denied*, ___ A.3d ___, [218 WAL 2016] (Pa. Nov. 22, 2016).

The crime of criminal trespass/simple trespasser is defined, in relevant part, as follows:

**(b.1) Simple trespasser.**

(1)   A person commits an offense if, knowing that he is not licensed or privileged to do so, he enters or remains in any place for the purpose of:

…

(iii)  defacing or damaging the premises; []

…

(2)  An offense under paragraph (1)(iv) constitutes a first degree misdemeanor. An offense under paragraph (1)(i), (ii) or (iii) constitutes a summary offense.

18 Pa.C.S § 3503(b.1)(1)(iii), (2).   The defenses for criminal trespass are codified as follows:

**(c)   Defenses. —** It is a defense to prosecution under this section that:

(1)  a building or occupied structure involved in an offense under subsection (a) of this section was abandoned;

(2)  the premises were at the time open to members of the public and the actor complied with all lawful conditions imposed on access to or remaining in the premises; or

(3) the actor reasonably believed that the owner of the premises, or other person empowered to license access thereto, would have licensed him to enter or remain.

18 Pa.C.S. § 3503(c).

Here, the trial court found the following:

[Gall] was cited for criminal trespass for entering her neighbor's property and damaging her neighbor's apple tree on July 14, 2015. [Gall] acknowledged that she knew that the base of the tree from which she was cutting the branch was on her neighbor's property. [Gall] acknowledged entering the neighbor's property with the knowledge that it was her neighbor's property for the specific purpose of cutting off her neighbor's tree branch. [Gall] acknowledged in fact cutting off her neighbor's tree branch. The [trial c]ourt found from circumstantial evidence that the Commonwealth had proven beyond a reasonable doubt that [Gall] knew she was not licensed or privileged to be on her neighbors' property to cut down the apple tree branch.

...

[Gall] essentially argues that she did not know that she was not privileged or licensed to enter onto her neighbor's property, that she was permitted on the property for the purpose of removing a personal hazard to her health, and that she did not have the specific intent of defacing or damaging the premises.

...

[Gall] alleges that the Commonwealth presented no evidence that, "there was any posting or notice that [Gall] was not permitted on the premises." However, while the burden of showing posting or indirect or direct notice against trespassing, is an element of the crime of defiant trespass, 18 Pa.C.S.A. § 3503(b), it is not an element of simple trespassing. *See Com. v. Bennett*, 124 A.3d 327 (Pa. Super. 2015) (Evidence that defendant, who had been informed multiple times that he was not to be on victim's property, and whom was apprehended on the property twice, was sufficient to support defiant trespass conviction.); *Com v. Namack*, 663 A.2d 191 (Pa. Super. 1995)

(In order to establish crime of defiant trespass it is necessary to prove that defendant: entered or remained upon the property without right to do so; while knowing that he had no license or privilege to be on property; and after receiving direct or indirect notice against trespass); *Com. v. Hagan*, 654 A.2d 541 (Pa. Super. 1995); *Com. v. Sherlock*, 473 A.2d 629 (Pa. Super. 1984). The Pennsylvania Legislature placed the requirement of demonstrating that the property had been posted or that the defendant had actual or indirect notice in 18 Pa.C.S.A. § 3503(b), but chose not to add that element in 18 Pa.C.S.A. § 3503(b.1), when it created the offense of simple trespasser on October 27, 1995. See 1995 Pa. Legis. Serv. Act 1995-53 (S.B. 223). When interpreting statutes, "where Congress includes particular language in one section of a statute but omits it in another …, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Keene Corp. v. United States*, 508 U.S. 200, 208 (1993), quoting *Russello v. United States*, 464 U.S. 16, 23 (1983). See also, *Hamdan v. Rumsfeld*, 548 U.S. 557, 578 (2006) ("A familiar principle of statutory construction … is that a negative inference may be drawn from the exclusion of language from one statutory provision that is included in other provisions of the same statute."). Thus, the Court concludes that [Gall's contention] … is meritless as the Commonwealth was not required to produce evidence of any posting or actual notice to [Gall] that [she] was not permitted on the premises prior to July 14, 2015.

Trial Court Opinion, 7/15/2016, at 4-8. Additionally, the court explained:

Intent may be proved by circumstantial evidence. Proof of a defendant's knowledge of his lack of license or privilege to enter onto property may also be inferred from circumstantial evidence. *Commonwealth v. Gordon*, 477 A.2d 1342, 1348 (Pa. Super. 1984). In *Commonwealth v. Gordon*, the Pennsylvania Superior Court found that the evidence was sufficient to show Defendant's knowledge that he lacked a license or privilege to enter a building, when "the fact that he knew could be inferred from the evidence of the time and manner of his entry." *Id.* at 1348. In *Gordon*, the [d]efendant had entered a locked school building at night using force. *Id.* at 1347-1348.

Here, Ms. H[ie]ter testified that she drives past the easement, which is on her left, to go to work. Mr. Goldman

testified that he heard the chainsaw and the large cracking sound and saw [Gall]'s truck going by, towing this huge branch from Ms. H[ie]ter's property around 11:30 am on July 14, 2015. July 14, 2015, was a Tuesday. It was permissible for the Court to infer by [Gall]'s choice in choosing to cut down the branch at a time Ms. H[ie]ter would not have been home, that [Gall] knew she was not licensed or privileged to enter Ms. H[ie]ter's property to cut down the branch. Ms. H[ie]ter also testified that she was never approached about the tree branch nor did she receive any correspondence from [Gall] requesting that she remove the tree branch. Additionally, [Gall] testified that:

> THE WITNESS: I had to do what I could do.
>
> THE COURT: Okay. Well, so here we are on the trespass, and so there's a consequence of that.
>
> THE WITNESS: But there was nothing there to say I couldn't go up there. There was nothing there, no signs or nothing. They posted, actually, their signs into my easement, in other words, with the – may I say something?
>
> THE WITNESS: There was time when they encroached on my easement there, trying to take it on me, and it cost me thousands of dollars in court to establish that I had the right to that road. They were pushing dirt on my – they built a shed a foot over their property line without a permit, and I have no –
>
> MS. H[IE]TER: That's irrelevant.
>
> [THE COMMONWEALTH]: It's okay.
>
> THE WITNESS: -- other way to explain the need to go on there and just take care of it myself.

See N.T., 4/14/16, at 37:25-28:15. As the Court stated in response to [defense counsel]'s argument that the Commonwealth had not proven that [Gall] knew that she was not licensed or privileged to be on the property, "The problem I have with that is she seems all too aware of where the easement line is and where her property is and where her property isn't. She acknowledges that she went four steps onto her neighbor's

property." See N.T., 4/14/16, at 44:19-23. Considering all the testimony in the light most favorable to the Commonwealth[,] the Court concludes that the Commonwealth proved beyond a reasonable doubt through circumstantial evidence that [Gall] knew that she was not licensed or privileged to enter onto her neighbor's property to cut down the apple tree branch. Furthermore, as has already been stated above, [Gall] has been quite forthright about her entry onto Ms. H[ie]ter's land having the sole destructive purpose of removing the apple tree branch that was hanging in the easement.

Trial Court Opinion, 7/15/2016, at 12-14 (some citations omitted).

We agree with the trial court's well-reasoned analysis. First, with respect to her claim that the trial court improperly focused on the variations between simple trespasser and defiant trespasser, we note the court's discussion on the two subsections was because Gall relied on the wrong provision of the criminal trespass statute in her concise statement. *Compare* 18 Pa.C.S. § 3503(b.1) (the crime Gall was charged with) *with* 18 Pa.C.S. § 3503(b). As indicated above, in Gall's concise statement, she alleged the Commonwealth presented no evidence that "there was any posting or notice that [she] was not permitted on the premises." Defendant's Concise Statement of Matters Complained of on Appeal, 6/6/2016, at ¶ 2. The trial court was merely pointing out the different elements required for simple trespasser and defiant trespasser and explaining how the element of posting or giving notice is not necessary to prove the crime of simple trespasser.

Furthermore, based on all the evidence presented at trial, it is reasonable to infer that Gall knew she was not licensed or privileged to

- 10 -

damage the tree on her neighbor's property. *Via* counsel, Gall admitted she cut down the tree limb that was on Hieter's property. N.T., 4/14/2016, at 10-11.[5] Furthermore, as noted above, Hieter took the stand and testified to the following:

> [Commonwealth]: Did you have any conversations with Ms. Gall? Did she approach you and say, hey, the tree's in my way; can you cut it down?
>
> [Hieter]: No, not at all.
>
> [Commonwealth]: Did you receive any letter or correspondence from her suggesting that the tree's in the way; cut it down?
>
> [Hieter]: Not at all. She just did it.
>
> [Commonwealth]: Did she ask your permission to come on the property to cut it down?
>
> [Hieter]: No, she did not.

*Id.* at 22.

Both Gall and Hieter's testimony, which the trial court found credible, clearly established Gall knew she was not licensed or privileged to go on Hieter's land and remove the limb. *See* 18 Pa.C.S § 3503(b.1)(1)(iii). Accordingly, the evidence was sufficient to sustain a conviction for criminal trespass/simple trespasser. Therefore, Gall's first issue fails.

---

[5] The investigating officer also testified that Gall told him: "Gall admitted to me that she walked onto Ms. Hieters' property, used an electric chain saw to essentially cut the branch down, and then after successfully doing so, she indicated she towed it back onto her property." *Id.* at 12.

In her second issue, which is related to the first, Gall claims the court erred by ruling the defense of justification by necessity, as codified in 18 Pa.C.S. § 501 *et seq.*,[6] was irrelevant to her case. **See** Gall's Brief at 7. She states her "conduct was to avoid a 'harm or evil,' namely the harm of not being able to receive emergency services at her home," and therefore, she "was privileged to enter upon the Hieters' property to cut the potentially harmful branch." **Id.** at 9.[7]

_____

[6] Justification is generally defined as follows:

> **(a)  General rule.** — Conduct which the actor believes to be necessary to avoid a harm or evil to himself or to another is justifiable if:
>
> > (1)  the harm or evil sought to be avoided by such conduct is greater than that sought to be prevented by the law defining the offense charged;
> >
> > (2)  neither this title nor other law defining the offense provides exceptions or defenses dealing with the specific situation involved; and
> >
> > (3)  a legislative purpose to exclude the justification claimed does not otherwise plainly appear.
>
> **(b)  Choice of evils.** — When the actor was reckless or negligent in bringing about the situation requiring a choice of harms or evils or in appraising the necessity for his conduct, the justification afforded by this section is unavailable in a prosecution for any offense for which recklessness or negligence, as the case may be, suffices to establish culpability.

18 Pa.C.S. § 503.

[7] Moreover, she argues:

*(Footnote Continued Next Page)*

- 12 -

Before we may address the merits of this claim, we note a review of

the record reveals Gall did not set forth the justification defense issue in her

concise statement. **See** Defendant's Concise Statement of Matters

*(Footnote Continued)* ───────────────

> [Gall] sought to introduce necessity as a defense of justification,
> but the Court specifically ruled that necessity was not a defense
> when the Court stated, "I don't see that necessity is a defense.
> Again, the necessity would be as to why she had to go onto the
> property as opposed to cutting the limb at the edge of the
> easement, and that's not what's in front of us today." …
> Accordingly, to the extent that the Trial Court, in its [Rule]
> 1925(a) Opinion, claims that it did not preclude [Gall] from
> offering evidence about her medical conditions, the foundation of
> her necessity defense, those conclusions are belied by the
> record, in which the Trial Court explicitly declared that it would
> not consider the defense of justification by necessity. [Gall]
> could not have been expected to attempt to offer further
> testimony on her medical conditions when the Trial Court
> explicitly stated that it found that it would not consider
> justification as a defense.
>
> The Trial Court's citation to *Jones v. Wagner*, 624 A.2d 166
> (Pa. Super. 1993), stating the law that a neighboring landowner
> can cut off a branch at a property line, is instructive, as it
> demonstrates a well-settled principle in the civil law that a non-
> owner of vegetative property, like a tree, is privileged to
> physically damage the property when it is intruding onto her
> property. The privilege is absolute. There need be no necessity,
> no emergency, and no harm or evil caused by the intruding
> vegetation.
>
> On the other hand, in this case, as [Gall] testified, she
> needed to cut the branch to open her private road to make it
> accessible to emergency vehicles. The perceived harm was real,
> and it was immediate – a medical incident requiring emergency
> medical treatment can arise suddenly and instantaneously. And,
> [Gall] acted in a manner designed to relieve the harm.

*Id.* at 9-10.

- 13 -

Complained of on Appeal, 6/6/2016, at ¶¶ 1-7. As such, the trial court did not address that challenge in its Rule 1925(a) opinion. Rather, the court analyzed the following issue by Gall: "[Gall]'s entry upon the alleged victim's premises was for the sole purpose of maintaining the right-of-way, and not to intentional[ly] deface or damage the alleged victim's property." *Id.* at ¶3. In addressing this claim, the court discussed the three defenses permitted under the criminal trespass statute. *See* 18 Pa.C.S § 3503(c); *see also* Trial Court Opinion, 7/15/2016, at 8-10. Accordingly, we find Gall's second issue waived. *See* Pa.R.A.P. 1925(b)(4)(vii)("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").[8]

Judgment of sentence affirmed.

Judge Jenkins did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/5/2017

---

[8] We note that unlike the first issue, this second claim was substantially different from what was raised in the concise statement and therefore, we find that waiver is necessary.