J-S21012-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AARON TROY MOYERS | : | |
| | : | |
| Appellant | : | No. 899 WDA 2019 |

Appeal from the Judgment of Sentence Entered April 18, 2019
In the Court of Common Pleas of Butler County Criminal Division at
No(s): CP-10-CR-0000910-2018

BEFORE:  LAZARUS, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED APRIL 24, 2020**

Aaron Troy Moyers appeals from the judgment of sentence, entered in the Court of Common Pleas of Butler County, following a jury trial in which he was convicted of defiant trespass[1] and public drunkenness.[2]  Upon careful review, we affirm.

On May 2, 2018, at approximately 4 a.m., Moyers was taken by ambulance to Butler Memorial Hospital where he received treatment for a stab wound he sustained in his wife's apartment building.  N.T. Trial, 3/19/19, at 45-46.  He was administered Fentanyl[3] both in the ambulance and at the

_____

[1] 18 Pa.C.S.A. § 3503(b)(1)(i).

[2] 18 Pa.C.S.A. § 5505.

[3] Moyers was stabbed during a "domestic violence incident" that his counsel did not want to be discussed at trial.  N.T. Trial, 3/19/19, at 31-32.  On cross-

hospital. *Id.* at 57-59. After receiving stitches, Moyers checked himself out of the hospital later that morning, against the advice of his doctors. *Id.* at 57-60. At approximately 6 a.m. that same morning, Detective Sergeant David Villotti of the Butler City Police Department was dispatched to Butler Memorial Hospital to respond to a report of a patient "yelling and screaming" outside. *Id.* at 21-23. By the time he arrived approximately five minutes later, the patient was gone. *Id.* As Sergeant Villotti drove back to the police station, he encountered Moyers, who flagged him down, walking along side of the road in a hospital gown. *Id.* Sergeant Villotti engaged with Moyers to discuss the incident outside of the hospital. *Id.* Moyers immediately told Sergeant Villotti that his car had been stolen, which Sergeant Villotti knew to be false, based on an earlier encounter with Moyers and Moyers' wife.[4] *Id.* at 23. When Sergeant Villotti explained to Moyers that Moyers' wife was in possession of the car and that therefore, it was not stolen, Moyers responded by claiming that "stuff [had been] stolen out of his apartment." *Id.* Sergeant Villotti asked Moyers whether he had been in his apartment to know if anything was

_____

examination, the prosecution asked Moyers whether drug paraphernalia was "involved in that incident." *Id.* at 61. Moyers responded that he did not know and that he was "never inside the apartment," but subsequently testified that "[he] was stabbed in the apartment." *Id.* at 61. When asked whether there was any drug paraphernalia inside, Moyers equivocated, explaining that, "that's what the police allege." *Id.* at 62.

[4] Sergeant Villotti testified that he initially encountered Moyers earlier that day responding to a call "unrelated" to this matter, and that Moyers "had to go to the hospital for an injury that occurred before [police] had arrived." N.T. Trial, 3/19/19, at 23.

stolen, to which Moyers responded that he wished to report his car stolen at the police station. *Id.* at 23-24. Sergeant Villotti reiterated that Moyers' wife had the car and further advised Moyers, "Don't go to the police station. There is nothing to report. It's going to be me you're dealing with anyway. Do not go to the police station." *Id.* at 24.

Shortly after returning to the station, Sergeant Villotti was dispatched for a welfare check of a male in a hospital gown staggering down the street towards the station. *Id.* Sergeant Villotti met Moyers at the front door of the police station where the two had substantially the same conversation they had earlier. *Id.* at 24-25. Ultimately, Sergeant told Moyers "several times" that he needed to leave and go home.[5] *Id.* at 25, 30. As the Sergeant finally turned to enter the building, Moyers dialed 911 on the emergency box outside the station and began screaming about his car being stolen. *Id.* At that point, Sergeant Villotti placed Moyers under arrest for defiant trespass. *Id.* at 26. The Sergeant subsequently noticed that Moyers' "pupils were pinpoint, restricted, which is a symptom of opioid use."[6] *Id.* at 26.

---

[5] Sergeant Villotti testified that the police station is "almost literally across the street from [Moyers'] apartment," and that he was not concerned about Moyers' ability to "go another 30 [to] 50 feet to his apartment" after walking from the hospital to the station. N.T. Trial, 3/19/19, at 28.

[6] Sergeant Villotti testified that he has "taken courses in recognizing people under the influence of alcohol . . . and . . . opiates" in addition to his on-the-job training for the same. N.T. Trial, 3/19/19, at 26.

Following a jury trial on March 19, 2019, Moyers was convicted of defiant trespass and public drunkenness. On April 18, 2019, the court sentenced Moyers to no less than 30 days and no more than 12 months' imprisonment plus a $200 fine. After Moyers filed a motion to modify sentence, which the court denied on May 21, 2019, he timely filed a notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Moyers raises the following issues for our review:

1. [Whether the] trial court erred by overruling [Moyers'] objection to the Commonwealth's cross-examination of [Moyers] on whether drug paraphernalia was found in his wife's apartment on the date of his arrest when this question exceeded the scope of direct examination and was not relevant[?]

2. [Whether the] trial court erred by denying [Moyers'] motion that the jury be instructed that the Commonwealth had the burden to disprove the affirmative defense to the offense of defiant trespass; that the Butler City Police Station was open to the public and [Moyers] complied with all conditions [to be lawfully present?]

3. [Whether the] trial court erred by giving incorrect jury instructions when[,] in response to a question from the jury during deliberations as to whether [Moyers] needed to enter the police station to be found guilty of defiant trespass, the trial court instructed the jury that he could be found guilty without entering the building[?]

Brief of Appellant, at 2.

Moyers first claims that the trial court erred when it overruled his objection to the Commonwealth's question regarding the presence of drug paraphernalia in his wife's apartment. We have explained that:

> [Our] standard of review for a trial court's evidentiary rulings is narrow. The admissibility of evidence is solely within the

discretion of the trial court and will be reversed only if the trial court has abused its discretion. An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record.

*Commonwealth v. Yockey*, 158 A.3d 1246, 1254 (Pa. Super. 2017).

Pennsylvania Rule of Evidence 611 provides that, "[c]ross-examination of a witness other than a party in a civil case should be limited to the subject matter of the direct examination and matters affecting credibility, however, the court may, in the exercise of discretion, permit inquiry into additional matters as if on direct examination." Pa.R.E. 611(b). We have broadly defined the scope of cross-examination to include "inferences, deductions, or conclusions which may be drawn [from direct testimony], which explain or destroy the effect of [that] testimony." *Commonwealth v. Snoke*, 580 A.2d 295, 305 (Pa. 1990).

> When the accused in a criminal case is the witness, there is an interplay between the limited scope of cross-examination and the accused's privilege against self-incrimination. When the accused testifies generally as to facts tending to negate or raise doubts about the prosecution's evidence, he or she has waived the privilege and may not use it to prevent the prosecution from bringing out on cross-examination every circumstance related to those facts. *See Commonwealth v. Green*, 581 A.2d 544 (Pa. 1990).

Pa.R.E. 611, cmt. Finally, we note that, as with all issues of evidence admissibility, the court must consider relevancy in determining the appropriate scope of cross examination. *See* Pa.R.E. 401 (relevant evidence is that which makes material fact more or less probable).

- 5 -

Here, Moyers was charged at trial with public drunkenness. Two facts material to determining his guilt or innocence are whether Moyers was "manifestly under the influence of alcohol or a controlled substance" at the police station, and whether he was intoxicated "to the degree that he may [have] endanger[ed] himself or other persons or property, or annoy[ed] persons in his vicinity." *See* 18 Pa.C.S.A. § 5505. Moyers contends that because he testified on direct examination that medical staff administered two doses of Fentanyl to him as part of his treatment on May 2, the Commonwealth's probe on cross-examination into drug paraphernalia at his residence was irrelevant and prejudicial. Brief of Appellant, at 10-11. We disagree. The prosecutor's question was relevant to whether Moyers was under the influence of multiple controlled substances at the time of his arrest, as well as the extent of his intoxication, which, depending on his answer, made it more or less probable that he was a danger to himself, others, or property, or that he was otherwise an annoyance to persons in his vicinity. *See* Pa.R.E. 401; 18 Pa.C.S.A. § 5505. We, therefore, find that the court did not abuse its discretion in overruling Moyers' objection.

Next, Moyers contends the trial court committed reversible error by denying his request that the jury be instructed that "the Commonwealth had the burden to disprove [Moyers'] affirmative defense" to defiant trespass. Brief of Appellant, at 11; *see* 18 Pa.C.S.A. § 3503(c)(2) ("It is a defense to [defiant trespass] that [] the premises were at the time open to members of

the public and the actor complied with all lawful conditions imposed on access to or remaining in the premises."). Because Moyers did not raise any objection at trial when the court informed the parties of its intention to read standard jury instructions with respect to that offense, N.T. Trial, 3/19/19, at 66-67, this claim is waived. *Commonwealth v. Bruce*, 916 A.2d 657, 671 (Pa. Super. 2007) ("failure to offer a timely and specific objection results in waiver of" the claim).[7]

Finally, Moyers' third issue challenges the trial court's response to a question from the jury regarding whether the statute required that Moyers physically entered the Butler City Police Station to be found guilty of defiant trespass. Brief of Appellant, at 13. Specifically, Moyers contends that the trial court "exceeded its authority by defining for the jury what 'place' means" under the defiant trespass statute. *Id.* at 14.

_____

[7] This claim is also wholly without merit. After the court finished reading the jury instructions, Moyers' counsel requested at sidebar that the jury also be instructed that, "if they have a reasonable doubt as to [the] affirmative defense [under section 3503,] they must acquit [Moyers]." N.T. Trial, 3/19/19, at 88-89. However, the standard instructions so inform the jury; the court expressly stated that, "[t]o find [Moyers] guilty of [defiant trespass,] you must find all of the [] elements have been proven beyond a reasonable doubt[.] . . . The Defendant cannot be found guilty of criminal trespass by a defiant trespasser if you find either of the following: That the Butler City Police Station was open to the public at the time and the Defendant complied with all lawful conditions imposed on access to or remaining on the premises[, o]r, that the Defendant reasonably believed that the authorized person would have permitted him to enter or remain." *Id.* at 86-87.

"In charging a jury, it is the duty of the trial court to clarify issues so that [] jurors may comprehend the questions they are to resolve, to elucidate correct principles of law applicable to the pending case, and to endeavor to make such principles understandable in plain language." *Commonwealth v. Sherlock*, 473 A.2d 629, 631 (Pa. Super. 1984). Failure to do so deprives the defendant of a fair trial. *Id.*

During its deliberations, the jury specifically asked the trial court whether Moyers had to "physically enter the Police Department to be considered trespassing[?]". N.T. Trial, 3/19/19, at 90. *See* 18 Pa.C.S.A. § 3503(b)(1)(i) (defiant trespasser is one who, "knowing that he is not licensed or privileged to do so, [] enters or remains *in any place* as to which notice against trespass is given[.]" (emphasis added). Over counsel's objection, the court informed the jury that the "Butler Police Station would include any property [o]n which their police station is located[.]" *Id.* at 91-92. Moyers submits that the jury should have been left to decide for itself "whether [the] area outside the building was part of the police station." *Id.*

We note that Moyers' arguments are completely unsupported by citations to relevant law, and further, that they are contrary to well-settled legal principles. The trial court's instructions to the jury elucidating the principles of law applicable to the case were undoubtedly appropriate and within the trial court's discretion. *Sherlock*, *supra*. In particular, the trial court was correct that Moyers was not required to step foot inside the police

station to be found guilty of defiant trespass.  **_See id._** (front yard of defendant's girlfriend's house constituted "place" for purposes of defiant trespass); **_see also_** 18 Pa.C.S.A. § 3503(b)(1)(i) (defiant trespass requires actor enter "place"); **_cf._** 18 Pa.C.S.A. § 3503(a) (criminal trespass requires actor enter "building" or "occupied structure"); **_Commonwealth v. Hagan_**, 654 A.2d 541 (Pa. 1995) (defendant's presence inside of secured facility distinguishes criminal trespass from defiant trespass).  Accordingly, Moyers is entitled to no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/24/2020